UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA KAMILA MARIN, on behalf of herself and others similarly situated,<br><br>             Plaintiff,<br><br>-against-<br><br>APU FOODS CORP. d/b/ RIKO PERUVIAN CUISINE, 44 SUNNYSIDE CORP. d/b/a RIKO PERUVIAN CUISINE EXPRESS, JAMAICA 153 CORP. d/b/a RIKO PERUVIAN CUISINE, 8 CHELSEA CORP. d/b/a RIKO PERUVIAN CUISINE, BARU CORP. d/b/a CUMBIA AND SABOR, PAULA ANDREA GIL, and WALTER BURGOS,<br><br>             Defendants. | Case No. 17-cv-3224 (MKB) (SMG) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

   Defendants APU Foods Corp. d/b/a Riko Peruvian Cuisine, 44 Sunnyside Corp. d/b/a Riko Peruvian Cuisine Express, Jamaica 153 Corp. d/b/a Riko Peruvian Cuisine, 8 Chelsea Corp. d/b/a RIko Peruvian Cuisine, (collectively referred to as the "Riko Corporate Defendants"), Baru Corp. d/b/a Cumbia y Sabor ("Cumbia y Sabor"), Paula Andrea Gil, and Walter Burgos (all defendants collectively referred to as "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PRELIMINARY STATEMENT

   This action is a plain-vanilla, lawyer driven FLSA action brought by a single plaintiff, a waitress for less than three months of a single restaurant, Baru Corp. dba Cumbia y Sabor, a Colombian restaurant located at 45-06 Greenpoint Avenue in Sunnyside alleging minimum wage violations, unpaid overtime, and unlawful deductions from tips. Nevertheless, Plaintiff brings suit against four separate additional Peruvian restaurants located at various addresses, which

have no nexus to Plaintiff and are not Plaintiff's employer, including APU Foods Corp., 44 Sunnyside Corp., Jamaica 153 Corp., 8 Chelsea Corp. each of which does business as Riko. Plaintiff purports to add these additional restaurants under an alleged theory that all five restaurants operate as a "single integrated enterprise that jointly employed Plaintiff" in a blanket attempt to sue all five restaurant locations, four of which have no connection or nexus to her.

Moreover, in a misguided attempt to pressure Defendants, Plaintiff has sued two individuals, Walter Burgos and Paula Andrea Gil. Nevertheless and despite Plaintiff's maneuvering, she remains unable to plead employer status with respect to these two individuals.

## ARGUMENT

### I. PLEADING STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court does not, however, credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Id*. If the court can infer no more than "the mere possibility of misconduct" from the factual averments – in other words, if the well-pleaded allegations of the complaint have not "nudged claims across the line from conceivable to plausible," dismissal

is appropriate. *Twombly*, 550 U.S. at 570; *Starr*, 592 F.3d at 321 (quoting *Iqbal*, 556 U.S. at 679).

Where necessary, the Court may supplement the allegations in the complaint with facts from documents either referenced in the complaint or relied upon in framing the complaint. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b) (6) motion into one under Rule 56 is largely dissipated.") (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). The Court may also consider "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## II. PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THAT THE RIKO CORPORATE DEFENDANTS WERE "PART OF A SINGLE INTEGRATED ENTERPRISE THAT JOINTLY EMPLOYED" HER

The Riko Corporate Defendants – the four corporate entities that do business under the trade name Riko which are APU Foods Corp., 44 Sunnyside Corp., Jamaica 153 Corp., and 8 Chelsea Corp. – should be dismissed from this action pursuant to Rule 12(b)(6) on the grounds that Plaintiff has failed to adequately allege that they were "part of a single integrated enterprise that jointly employed Plaintiff." (FAC ¶ 11). Plaintiff fails to allege (nor can she allege in good faith) that the Riko Corporate Defendants exercised any formal or functional control over her such that they may be held liable as her employer under the FLSA or NYLL.

3

Courts within this District have applied the "single integrated enterprise" test to "assess whether a group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). Under that test, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* Plaintiff supports her "single integrated enterprise" theory by: (1) providing a legal conclusion that "the corporate Defendants are owned, and their operations conducted, by Defendant Walter Burgos, and they are all subject to the same general management and the payroll practices" (FAC ¶ 11); (2) that the Corporate Defendants "have the same business purpose: operating restaurants" (FAC ¶ 12); (3) that the restaurants "share employees" based on an allegation that "employees from Riko Sunnysisde and Riko Chelsea sometimes worked shifts at Cumbia and Sabor" (FAC ¶ 13); (4) the restaurants liquor licenses identify the same principal, Jessenia Burgos who is Walter Burgos' daughter; (5) that the Riko Corporate Defendants share a website explaining that they serve authentic Peruvian cuisine (FAC ¶ 15); (6) that Riko Sunnyside posted on its Facebook page that Cumbia y Sabor was coming soon (FAC ¶ 16); and that (7) "upon information and belief, all of the restaurants have centralized control of labor relations as evidenced by their common payroll practices" (FAC ¶ 17).

These allegations do not plausibly support Riko Corporate Defendants' status as plaintiff's employer under the FLSA or the NYLL. Plaintiff's allegations fail to establish that the Riko Corporate Defendants' had an interrelation of operations or centralized control of labor relations with the corporate employer at the location Plaintiff herself identified that she worked which is Cumbia y Sabor (FAC ¶ 32). *See Apolinar* at *4 citing *Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012) ("Allegations of

4

common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees."). Plaintiff does not allege that the Riko Corporate Defendants had any sort of direct employer responsibility over her, such as the ability to hire or fire, or set work hours or job responsibilities. *See Apolinar*, No. 15-cv-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016) citing *Diaz v. Consortium for Worker Educ., Inc*., No. 10 Civ. 01848 (LAP), 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (dismissing FLSA claims against defendants which plaintiffs did not allege had "any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their work hours, or maintaining employment records"); *Lopez v. Acme American Environmental Co., Inc.* No. 12-cv-511 (WHP), 2012 WL 6062501, *5 (S.D.N.Y. December 6, 2012). As the Court explained in *Lopez:*

> Although they allege an "integrated enterprise," Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants and themselves. Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees. *See Wolman v. Catholic Health Sys. of Long Island, Inc*., 853 F.Supp.2d 290, 2012 WL 566255, at *5 (E.D.N.Y.2012) ("These facts, while perhaps establishing some general commonalities between Defendants, do not touch on the central issue: whether Defendants exercised sufficient control over Plaintiffs to be considered their joint employers under the FLSA."); *see also Sampson v. MediSys Health Network, Inc.*, No, 10 CV 1342(SJF) (ARL), 2012 WL 3027838, at *1 (E.D.N.Y. July 24, 2012).

Simply put, Plaintiffs' allegations do not go beyond alleging common ownership and a common business plan and purpose. Their allegations entirely leave out the relationship that plaintiff, as an employee who worked at Cumbia y Sabor, had to the Riko Corporate Defendants' locations.

      Similarly, Plaintiff fails to allege that the Riko Corporate Defendants had functional control over the Plaintiff. Because Plaintiff fails to allege that the "economic reality" of the relationship between Plaintiff and the Riko Corporate Defendants was one of control, she fails to

5

state an FLSA or NYLL claim against the Riko Corporate Defendants. *See Lopez* at *5. It is also worth noting that Plaintiff worked at a Colombian restaurant, Cumbia y Sabor, and that the four other restaurants, the Riko restaurants are Peruvian restaurants as stated throughout the FAC.

### III. PLAINTIFF'S BOILERPLATE, THREADBARE, CONCLUSIVE, AND SPECULATIVE ALLEGATIONS ARE INSUFFICIENT TO ADEQUATELY PLEAD THAT MR. BURGOS AND MS. GIL ARE "EMPLOYERS" UNDER THE FLSA

As a preliminary matter, and as discussed more fully below, Plaintiff has failed to adequately plead that individual defendants Mr. Burgos and Ms. Gil are her "employers" under the FLSA as defined within the Second Circuit. It is well settled that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss with respect to pleading that an individual or entity is an "employer" under the FLSA. *See Gisomme v. Healthex Corp.*, 2014 U.S. Dist. LEXIS 67588, *10-11 (E.D.N.Y. May 15, 2014); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722, at *4 (S.D.N.Y. Sept. 28, 2010); *Sampson v. MediSys Health Network, Inc.* No. CV 1—1342 (SJF) (ARL), 2012 U.S. Dist. LEXIS 103012, at * (E.D.N.Y. Feb. 9, 2012) *adopted as modified by* 2012 U.S. Dist. LEXIS 103052; *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009). Indeed, the Supreme Court has directed that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 550.

As the Second Circuit has explained, four factors are relevant to determine whether an individual is an "employer" under the FLSA: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d at 104 (quoting *Carter*, 735 F.2d at 12).

Plaintiff must provide sufficient non-conclusory factual content in the complaint beyond a speculative level with respect to each of these four factors in pleading that a defendant is an "employer" under the FLSA. Moreover and importantly, allegations based "upon information and belief," as Plaintiff has included in the First Amended Complaint in an obvious attempt to "fill in the gaps," have regularly been rejected. (FAC ¶ 20, 24-25) (stating that "upon information and belief" Mr. Burgos "manages the Restaurants' financials," "collects cash receipts," and "was involved in creating the policies that are the subject of this lawsuit"). As the Court explained in *N.Y. State Court Clerks Ass'n v. Unified Court Sys. of N.Y.*, Plaintiffs are required to plead sufficient facts to support a finding that the defendant is an "employer" based on the "economic reality" test:

> Mere boilerplate allegations that an individual meets the various prongs of the economic reality test under the FLSA stated solely upon information and belief and without any supporting details – essentially "a formulaic recitation of the elements of a cause of action" – are insufficient to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer under the FLSA.

25 F. Supp. 3d 459, 471 2014 U.S. Dist. LEXIS 78699 *28 (S.D.N.Y. June 9, 2014); *Tracy v. NRV, Inc.*, 667 F. Supp. 2d 244, 247 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to rise a right of relief above the speculative level. *Id.*

### A. Plaintiff Has Failed to Adequately Allege That Defendant Walter Burgos Is Plaintiff's Employer Under the FLSA

In this case, Plaintiff has failed to adequately alleged that Mr. Burgos was her "employer" under the FLSA. Instead, all Plaintiff has provided, and all Plaintiff can provide, are conclusory, threadbare, and speculative allegations based on information and belief. (FAC ¶ 18 – 25). For

example, Plaintiff's allegation that Mr. Burgos "exercises sufficient control over the Corporate Defendants' day to day operations to be considered Plaintiff's employer" is nothing more than an unsupported legal conclusion and recitation of the relevant test. (FAC ¶ 18). That Mr. Burgos is "regularly present at the Restaurants" and that he "came to Cumbia y Sabor approximately five times per week" (FAC ¶ 19) fails to contribute anything meaningful to the pleading as this allegation does not show that Mr. Burgos "knew of, let alone created or maintained, the purported unlawful policies." *Nakahata*, 2012 U.S. Dist. LEXIS 127824 at *37-38. Such an allegation does nothing to distinguish Mr. Burgos from any of the other employees who would also be "regularly present at the Restaurants" and went to work five times per week.

Plaintiff fares no better in alleging based "upon information and belief" that Mr. Burgos "manages the Restaurants' financials" as this is nothing more than an unsupported, speculative legal conclusion as indicated by what follows. That Plaintiff's "coworkers told her that they saw Defendant Burgos come to Cumbia and Sabor after hours and work in the office" (FAC ¶ 20), besides not being firsthand knowledge, does not indicate control over the terms of Plaintiff's employment. Moreover, it is a leap in logic to say that because Mr. Burgos came in to Cumbia y Sabor after hours to work in the office that he somehow must then "manage the Restaurants' financials." Plaintiff's allegations that "on some occasions during Plaintiff's employment, Defendant Burgos paid her weekly wages" does not contribute or provide support for any of the four factors of the economic realities test. Occasionally paying her weekly wages does not go towards determining the rate and method of payment nor does it go towards being responsible for maintaining employment records. (FAC ¶ 22). In other words, issuing pay to employees is not the relevant inquiry in the test – it is *determining* the rate and method of pay. Next, stating that Mr. Burgos was a manager (FAC ¶ 23) is nothing more than stating a legal conclusion.

8

Regardless, being a manager does not rise to the level of being an employer under the FLSA nor does merely "giving instructions to employees." (FAC ¶ 23). Finally, in a hail-mary attempt to salvage her deficient pleading Plaintiff's allegest that Mr. Burgos "collects cash receipts" and "was involved in creating the policies that are the subject of this lawsuit" based "upon information and belief" which is mere speculation and conjecture.

Moreover and importantly, "[t]he individual[s] sought to be held liable cannot be just any employee with some supervisory control over other employees and must be instrumental in causing the corporation to violate the FLSA." *Nakahata*, 2012 U.S. Dist. LEXIS 127824 at *37-38 (quoting *Manning v. Boston Med. Ctr. Corp.*, 2012 U.S. Dist. LEXIS 54692, at *2 (D. Mass. Apr. 18, 2012). "Plaintiffs have not alleged facts to plausibly show that [Defendant Mr. Burgos] knew of, let alone created or maintained, the purported unlawful policies." *Id.*

In *Gisomme v. Healthex Corp.*, plaintiffs alleged that a defendant, was "actively involved in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedure," and "had the power to hire and terminate employees, control work schedules and conditions of employment, and set wages." 2014 U.S. Dist. LEXIS 67588, *10-11 (E.D.N.Y. May 15, 2014). In granting defendant's motion to dismiss, the court explained that "plaintiffs' conclusory allegations of defendant's operational involvement and control" and his "alleged general power of various employment decisions [were] not sufficient to establish [defendant's] status as plaintiffs' employer under the FLSA." *Id.* citing *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding boilerplate allegations that individual meets various prongs of economic reality test without supporting details insufficient to state plausible claim for individual's liability as employer under the FLSA).

9

In *Nakahata v. New York-Presbyterian Healthcare Sys.*, plaintiffs alleged that six individuals, including six different Presidents and CEOs, had "operational control" over the business and had the authority to make "employment decisions" concerning hirings and firings, and were "involved in the creation and/or maintenance of the illegal policies." 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012). The court dismissed all claims against each of these six defendants because these allegations were "nothing more than conclusory allegations designed to satisfy the economic reality test." *Id.*

In *Tracy v. NRV, Inc.*, plaintiffs' motion for leave to amend the complaint to join an additional defendant was denied on this very basis. 667 F. Supp. 2d 244 (S.D.N.Y. 2009). In that case, plaintiffs sought to amend the complaint to join as a defendant an individual who upon information and belief had the authority to make decisions concerning human resources, training, payroll, employee hiring and firing, FLSA classification and benefits aspects of the business, and that he provided support or control policies which ultimately impacted day-to-day operations, employees' work schedules and conditions of employment. As the Court explained:

> bare allegations of an individual's control over employee-plaintiffs that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an "employer" under *Herman's* economic reality test...

*Tracy*, 667 F. Supp. at 247 (citing *Bravo v. Eastpoint Int'l*, 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. 2001). In view of the "totality of the circumstances," Plaintiff has not alleged facts to establish that Defendants exercised control over the terms of Plaintiffs employment. *See Diaz*, 2010 U.S. Dist. LEXIS 107722, at *6.

In short, at best, Plaintiff is only able to touch on one of the four relevant factors with respect to Mr. Burgos – that he hired her – and nothing more. Indeed, Plaintiff fails to adequately allege any factual content indicating that Mr. Burgos supervised and controlled employee work

10

schedules, determined the rate and method of payment for employees, and maintained employment records and therefore all claims against him should be dismissed for failure to plead that he was Plaintiff Mr. Marin's employer.

### B. Plaintiff Has Failed to Adequately Allege That Defendant Paula Andrea Gil Is Plaintiff's Employer Under the FLSA

Similarly, Plaintiff has failed to adequately allege that Defendant Ms. Gil is Plaintiff's employer.[1] Plaintiff's allegation that Ms. Gil "exercised sufficient control over Cumbia and Sabor's day to day operations" is just a general recitation and legal conclusion. (FAC ¶ 26). That Ms. Gil is a "general manager at Cumbia and Sabor" is a statement of her alleged position and is also insufficient. (FAC ¶ 27). That Ms. Gil "supervised the restaurant's employees by giving them orders and directions," without any more factual substance as to what the orders and directions were about or for, does not contribute to any of the four factors. (FAC ¶ 28). That Defendant Ms. Gill allegedly "has authority over employees' pay" because she "often paid Plaintiff her weekly wages" and "required Plaintiff to sign a pay ledger" does not indicate that she *determined* the rate and method of payment, nor does it indicate that she *maintained* employment records. (FAC ¶ 31).

At best, Plaintiff is only able to touch on two of the four relevant factors with respect to Ms. Gil – that she had the power to hire and determine her schedule – and nothing more. Indeed, Plaintiff fails to adequately allege any factual content indicating that Ms. Gil determined the rate and method of payment for employees and maintained employment records, and therefore all claims against her should be dismissed for failure to plead that she was Plaintiff Mr. Marin's employer.

---

[1] Indeed, she is nothing more than a senior waitress.

In short, Plaintiff has failed to show that Defendants Mr. Burgos and Ms. Gil qualify as their "employers" under the FLSA and accordingly, all claims against them should be dismissed.

## IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

As detailed above, Plaintiff has failed to allege any claims against Defendants. Nevertheless, should the Court determine that Plaintiff has stated a claim under NYLL against any Defendant, this Court should decline to exercise supplemental jurisdiction over that claim.

Subject matter jurisdiction in this matter is premised on federal question jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Compl. ¶ 1. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367. The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118.

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Nor do principles of comity counsel in favor of the Court retaining jurisdiction. Courts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims. *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, at *3 (S.D.N.Y. January 13, 2014) *See, e.g., Dreher v. Doherty*, No. 12-cv-3385, 2013 U.S. App. LEXIS 17464, at *1 n.1 (2d Cir. Aug. 21, 2013) (unpublished) (noting district court's

12

dismissal); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 218 n.1 (2d Cir. 2002) (same); *Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded); *Yang Li v. Ya Yi Cheng*, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's FLSA and NYLL claims against Defendants APU Foods Corp. d/b/a Riko Peruvian Cuisine, 44 Sunnyside Corp. d/b/a Riko Peruvian Cuisine Express, Jamaica 153 Corp. d/b/a Riko Peruvian Cuisine, 8 Chelsea Corp. d/b/a RIko Peruvian Cuisine, Baru Corp. d/b/a Cumbia y Sabor, Paula Andrea Gil, and Walter Burgos as plead in the First Amended Complaint in their entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
July 14, 2017

*/s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305
argilio@lawrodriguez.com

*Attorney for Defendants*