**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**MARIA KAMILA MARIN, on behalf of**       **CASE NO. 17 CV 3224**
**herself and others similarly situated,**

        **Plaintiff,**

   **v.**

**APU FOODS CORP. d/b/a RIKO**
**PERUVIAN CUISINE, 44 SUNNYSIDE**
**CORP. d/b/a RIKO PERUVIAN CUISINE**
**EXPRESS, JAMAICA 153 CORP. d/b/a**
**RIKO PERUVIAN CUISINE, 8 CHELSEA**
**CORP. d/b/a RIKO PERUVIAN CUISINE,**
**BARU CORP. d/b/a CUMBIA AND SABOR,**
**PAULA ANDREA GIL, and WALTER**
**BURGOS,**

        **Defendants.**
-----------------------------------------------------------x


### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS


JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... i

I.   PRELIMINARY STATEMENT ............................................................................. 1

   A.  The Parties ...................................................................................................... 1

   B.  Plaintiff's Allegations .................................................................................... 2

III.  ARGUMENT .......................................................................................................... 4

   A.  The FAC States A Claim Against All Of The Corporate Defendants ................................. 5

    i.  The FAC adequately pleads that all of the Corporate Defendants constitute a single, integrated employer ............................................................................... 5

    ii.  The FAC adequately asserts FLSA claims on a collective basis against each Corporate Defendant on behalf of employees of its respective restaurant ....................................... 10

   B.  The FAC Adequately Pleads That The Individual Defendants Were Plaintiff's Employers ................................................................. 12

   C.  There Is No Basis To Dismiss The State Law Claims ..................................... 17

IV.  CONCLUSION ...................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74 (E.D.N.Y. 2011) .........................7

*Apolinar v. R.J. 49 Rest., LLC*, No. 15 CV 8655,
    2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016)................................10

*Arista Records LLC v. Does*, 604 F.3d 110 (2d Cir. 2010) ........................................5

*Armata v. Unique Cleaning Servs., LLC*, No. 13 CV 3625,
    2015 U.S. Dist. LEXIS 180995 (E.D.N.Y. Sept. 14, 2015)............................7,8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).......................................................................4,5

*Ayala v. Looks Great Servs., Inc.*, No. 14 CV 6035,
    2016 U.S. Dist. LEXIS 81912 (E.D.N.Y. June 23, 2016) ...............................17

*Ayala v. Your Favorite Auto Repair & Diagnostic Center, Inc.*,
    No. 14 CV 5269, 2016 U.S. Dist. LEXIS 127425
    (E.D.N.Y. Sept. 19, 2015).................................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................................5

*Bonito v. Avalon Partners, Inc.*, 106 A.D.3d 625 (N.Y. App. Div. 1st Dep't 2013)...13

*Bravo v. Established Burger One LLC*, No. 12 Civ. 9044,
    2013 U.S. Dist. LEXIS 146237 (S.D.N.Y. Oct. 8, 2013) ...............................7,14,16

*Chen v. 2425 Broadway Chao Rest., LLC*, No. 16 CV 5735,
    2017 U.S. Dist. LEXIS 92149 (S.D.N.Y. June 15, 2017)...............................6,15

*Chen v. TYT East Corp.*, No. 10 Civ. 5288,
    2012 U.S. Dist. LEXIS 166557 (S.D.N.Y. Mar. 21, 2012) ...........................7,8

*Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345,
    2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sept. 20, 2013)............................11

*Chimbay v. Pizza Plus at Staten Island Ferry, Inc.*, No. 15 CV 2000,
    2016 U.S. Dist. LEXIS 32257 (S.D.N.Y. Mar. 14, 2016) ..............................7,9

*Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235 (2d Cir. 1995) ...........................6

*Diaz v. Consortium for Worker Education, Inc.*, No. 10 Civ. 01848,
    2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. Sept. 28, 2010)............................10

i

*Donetto v. S.A.R.L. De Gestion Pierre Cardin*, 787 N.Y.S.2d 677
(N.Y. Sup. Ct. N.Y. County 2004)..................................................................6

*Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110 (2d Cir. 1999)..................18

*Ferrara v. Oakfield Leasing, Inc.*, 904 F. Supp. 2d 249 (E.D.N.Y. 2012)..................8,9

*Finkel v. Frattarelli Brothers, Inc.*, No. 05 CV 1551,
2008 U.S. Dist. LEXIS 46973 (E.D.N.Y. June 17, 2008)...............................9

*Flanigan v. Vulcan Power Group, LLC*, No. 14-4444,
2016 U.S. App. LEXIS 4680 (2d Cir. Mar. 15, 2016)....................................13

*Flores v. 201 West 103 Corp.*, No. 16 Civ. 2233,
2017 U.S. Dist. LEXIS 91654 (S.D.N.Y. June 14, 2017)............................7,9,14,16

*Garcia v. Chirping Chicken NYC, Inc.*, No. 15 CV 2335,
2016 U.S. Dist. LEXIS 32750 (E.D.N.Y. Mar. 11, 2016)..............................5,7

*Ghaffar v. Willoughby 99 Cent, Inc.*, No. 09 CV 509,
2010 U.S. Dist. LEXIS 88888 (E.D.N.Y. Aug. 27, 2010)..............................9

*Gisomme v. Healthex Corp.*, No. CV 13-2541,
2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014)...............................16

*Griffin v. Sirva, Inc.*, 835 F.3d 283 (2d Cir. 2016).......................................10

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010)........................................4

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999)....................................12,13

*Ho v. Sim Enters., Inc.*, No. 11 Civ. 2855,
2014 U.S. Dist. LEXIS 66408 (S.D.N.Y. May 14, 2014)..............................14,16

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013)........................................12,13,14

*Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363 (S.D.N.Y. 2014)..................................7,9

*Li v. Ichiro Sushi, Inc.*, No. 14 CV 10242,
2016 U.S. Dist. LEXIS 41894 (S.D.N.Y. Mar. 29, 2016).............................7

*Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743 (2d Cir. 1996)...............................6

*Lopez v. Acme American Environmental Co., Inc.*, No. 12 Civ. 511,
2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012)..............................10

*Lopez v. Pio Pio NYC, Inc.*, No. 13 CV 4490,
    2014 U.S. Dist. LEXIS 67121 (S.D.N.Y. May 15, 2014)................................7,8

*Miller v. Hyundia Motor Am.*, No. 15 CV 4722,
    2016 U.S. Dist. LEXIS 133668 (S.D.N.Y. Sept. 28, 2016)............................10

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010).......................................................11

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
    Nos. 11 Civ. 6658, 11 Civ. 6657, 11 Civ. 6366,
    2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sept. 6, 2012).............................16

*Nuriddinov v. Masada III, Inc.*, No. 15 CV 5875,
    2017 U.S. Dist. LEXIS 116357 (E.D.N.Y. July 24, 2017)............................6

*Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091,
    2013 U.S. Dist. LEXIS 35808 (S.D.N.Y. Feb. 28, 2013)...............................7

*Picard v. Bigsbee Enters., Inc.*, No. 1984-13,
    2017 N.Y. Misc. LEXIS 2052 (Sup. Ct. Albany County May 23, 2017)........6,9

*Reyes v. Sofia Fabulous Pizza Corp.*, No. 13 Civ. 7549
    2014 U.S. Dist. LEXIS 60836 (S.D.N.Y. Apr. 24, 2014)...............................5

*Reyes v. Sofia Fabulous Pizza Corp.*, No. 13 Civ. 7549,
    2014 U.S. Dist. LEXIS 188734 (S.D.N.Y. Apr. 7, 2014)..............................*passim*

*Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502 (S.D.N.Y. 2013) .................7

*Schear v. Food Scope Am, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014)............................15

*Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011)................17,18

*Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ........................................16

*Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241 (E.D.N.Y. 2015)....................................12,13,15

*Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552 (S.D.N.Y. 2015)........................7,8

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003)..........................................8

*Zuccarini v. PVH Corp.*, No. 151755/15,
    2016 N.Y. Misc. LEXIS 673 (Sup. Ct. N.Y. County Feb. 29, 2016) .............5,6

**Statutes, Rules, and Regulations**

28 U.S.C. § 1367 ................................................................................................................17,18

29 U.S.C. § 206 .......................................................................................................................3

29 U.S.C. § 207 .......................................................................................................................3

29 U.S.C. § 216 ...................................................................................................................2,11

Fed. R. Civ. P. 15 ..................................................................................................................10

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 ..................................................................3

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 ..................................................................3

N.Y. Lab. L. § 195 ..................................................................................................................3

N.Y. Lab. L. § 196-d ..............................................................................................................3

N.Y. Lab. L. § 652 ...............................................................................................................2,3

## I.       PRELIMINARY STATEMENT

Defendants' motion to dismiss should be denied because Plaintiff's First Amended Complaint ("FAC") adequately alleges that all Defendants are employers under the Fair Labor Standards Act ("FLSA") and New York law.  The FAC pleads that all of the Corporate Defendants in this case constitute a single, integrated employer, such that the corporations that do not directly employ Plaintiff can be held liable for the violations alleged in the FAC. Moreover, the FAC properly pleads the FLSA claims on a collective basis on behalf of service employees at all of the Corporate Defendants' restaurants.  For both these reasons, all of the Corporate Defendants are properly named as Defendants.

Defendants' attempt to dismiss the claims against Defendants Walter Burgos and Paula Andrea Gil (collectively, the "Individual Defendants") borders on the frivolous.  The facts alleged about these individuals' authority – including specific examples of how they exercised hiring, firing, supervisory, and scheduling authority – are more than sufficient to establish their employer status under this Court's precedent.  Finally, Defendants have not provided any basis for the Court not to exercise supplemental jurisdiction over Plaintiff's New York claims, as they have not asked the Court to dismiss all FLSA claims in this action.

## II.      STATEMENT OF FACTS

The following facts are taken from Plaintiff's FAC, Dkt. No. 21.

### A.  The Parties

Plaintiff Maria Kamila Marin ("Plaintiff") worked as a server at Cumbia and Sabor restaurant from approximately October 2016 to March 2017.  (FAC ¶ 32.)  Defendant Baru Corp. operates Cumbia and Sabor.  (*Id*. at ¶ 7.)  Defendant Walter Burgos owns Baru Corp. as well as Defendants Apu Foods Corp., 44 Sunnyside Corp., Jamaica 153 Corp., and 8 Chelsea Corp

(collectively, the "Riko Defendants," together with Baru Corp. the "Corporate Defendants"). (*Id.* at ¶¶ 3-6, 11.) The Riko Defendants each operate restaurants under the name "Riko" (for reference, the specific restaurants operated by the Riko Defendants are referred to, respectively, as "Riko Sunnyside," Riko Express," "Riko Jamaica," and "Riko Chelsea," and the Riko restaurants and Cumbia and Sabor are referred to collectively as the "Restaurants"). (*Id.* at ¶¶ 3-6.) Defendant Paula Andrea Gil is a general manager at Cumbia and Sabor. (*Id.* at ¶ 27.)

### B. Plaintiff's Allegations

Plaintiff's shifts at Cumbia and Sabor lasted at least 8 to 9 hours per day, and sometimes longer. (*Id.* at ¶ 47.) Plaintiff sometimes worked more than 40 hours per week. For example, in Plaintiff's first week of work, she worked at least 64 hours. (*Id.* at ¶¶ 46-48.) Plaintiff's shifts sometimes lasted longer than 10 hours. For example, during a Halloween event in 2016, Plaintiff worked a 13 hour shift. (*Id.* at ¶ 50.) Throughout Plaintiff's employment, Defendants paid Plaintiff $40 per shift with no overtime premium when she worked more than 40 hours per week and no "spread of hours" premium when her shifts lasted more than 10 hours. (*Id.* at ¶¶ 51-52.) Thus, in Plaintiff's first week of work, Defendants paid her $320 for at least 64 hours of work, for an hourly rate of, at most $5 per hour, well below the federal and New York minimum wages. (*Id.* at ¶ 51.) 29 U.S.C. § 216(c); N.Y. Lab. L. § 652. Employees at Riko Sunnyside and Riko Express told Plaintiff that they were paid in a similar manner, specifically, that they were paid $35 per shift for shifts lasting roughly eight hours. (*Id.* at ¶ 53.) Thus, the FAC alleges that service employees at all the Restaurants were subject to common pay practices. (*Id.*)

When Plaintiff worked lunch shifts with general manager Defendant Paula Andrea Gil, Defendants required Plaintiff to share tips with Defendant Gil, who (1) set employees' schedules, including Plaintiff's; (2) directed employees' work in her capacity as general manager by giving

orders and directions; (3) disciplined employees; (4) interviewed prospective employees; (5) ran

pre-shift meetings; (6) controlled station assignments; (7) hired employees, including a woman

named Adriana; (8) fired employees, including Plaintiff by ceasing to schedule her; (9) could

grant or deny vacation requests; (10) exercised control over employees' pay by distributing

weekly pay, including Plaintiff's weekly pay; and (11) maintained employment records by

requiring employees such as Plaintiff to sign a pay ledger acknowledging receipt of wages.  (*Id*.

at ¶¶ 27-31, 54, 55.)

Defendants also required Plaintiff to purchase her own uniforms for events at Cumbia

and Sabor.  (*Id*. at ¶ 56.)  In addition, Defendants did not give Plaintiff a written wage notice

when she was hired, and they did not give her wage statements with her pay.  (*Id*. at ¶¶ 57, 58.)

Based on the foregoing, Plaintiff has asserted claims for (1) unpaid minimum wage under

the FLSA, 29 U.S.C. § 206, and New York law, N.Y. Lab. L. § 652; (2) unpaid overtime

compensation under the FLSA, 29 U.S.C. § 207, and New York law, N.Y. Comp. Codes R. &

Regs. tit. 12, § 146-1.4; (3) unpaid spread of hours compensation under New York law, N.Y.

Comp. Codes R. & Regs. tit. 12, § 146-1.6; (4) tip misappropriation under New York law, N.Y.

Lab. L. § 196-d; and (5) wage notice violations under New York law, N.Y. Lab. L. § 195.  (FAC

¶¶ 60-87.)  Plaintiff brought the FLSA claims as a putative collective action on behalf of all

service employees, other than service managers, who worked at any of the Restaurants within the

applicable statute of limitations period.  (*Id*. at ¶ 33.)  Plaintiff brought the New York claims as a

putative class action on behalf of all service employees, other than service managers, who

worked at any of the Restaurants within the applicable statute of limitations period.  (*Id*. at ¶ 36.)

The FAC alleges that the Corporate Defendants constitute a single employer, such that

each is liable for the FLSA and NYLL violations of the others.  In addition to having common

ownership, common pay practices, and the common business purpose of operating restaurants, the Restaurants shared employees, with Riko Sunnyside and Riko Chelsea employees working shifts at Cumbia and Sabor and Cumbia and Sabor employees working shifts at Riko Sunnyside. (*Id*. at ¶ 12, 13.)  The Riko restaurants maintain a single restaurant, and Riko Sunnyside's Facebook page advertised the opening of Cumbia & Sabor.  (*Id*. at ¶¶ 14, 15.)  Defendant Burgos is regularly present at the Restaurants and gives orders to employees.  (*Id*. at ¶ 23.)  In addition, all of the Restaurants' liquor licenses identify the same principal: Jessenia Burgos, who is Defendant Burgos' daughter.  (*Id*. at ¶ 14.)

In addition to owning the Corporate Defendants, Defendant Burgos has the power to hire and fire employees, as demonstrated by the fact that he hired Plaintiff and a Cumbia and Sabor manager.  (*Id*. at ¶ 21.)  At the beginning of Plaintiff's employment at Cumbia and Sabor, Defendant Burgos was the restaurant's primary manager, and throughout Plaintiff's employment he gave employees instructions when he was at the restaurant, which was approximately five times a week.  (*Id*. at ¶¶ 19, 23.)  Defendant Burgos works in Cumbia and Sabor's office after hours and sometimes paid Plaintiff her weekly wages.  (*Id*. at ¶¶ 19, 22.)  It is also Plaintiff's understanding that Defendant Burgos collects cash receipts from Cumbia and Sabor, Riko Sunnyside, and Riko Express.  (*Id*. at ¶ 24.)

## III.    ARGUMENT

In deciding a motion to dismiss for failure to state a claim, a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor."  *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration in original, original quotation marks omitted).  To withstand a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity].'" *Arista Records LLC v. Does*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).  "A complaint need not make 'detailed factual allegations' but must contain more than mere 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'"  *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13 Civ. 7549, 2014 U.S. Dist. LEXIS 188734, at *4-5 (S.D.N.Y. Apr. 7, 2014), *adopted by* 2014 U.S. Dist. LEXIS 60836 (S.D.N.Y. Apr. 24, 2014) (quoting *Iqbal*, 556 U.S. at 678).  A plaintiff may plead fact "upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes an inference of culpability plausible[.]"  *Arista Records LLC*, 604 F.3d at 120 (internal citations and quotation marks omitted).

### A.  The FAC States A Claim Against All Of The Corporate Defendants

#### i.  The FAC adequately pleads that all of the Corporate Defendants constitute a single, integrated employer

Plaintiff has asserted her claims against all of the Corporate Defendants, rather than solely against Baru Corp., based on her allegations that the Corporate Defendants all constitute a single, integrated employer.  "The FLSA and the NYLL allow for multiple different entities to be treated as a single employer where, despite nominal difference, the entities are 'part of a single integrated enterprise.'  Such a finding allows all entities to be held responsible for the FLSA and NYLL violations of any one entity."  *Garcia v. Chirping Chicken NYC, Inc.*, No. 15 CV 2335, 2016 U.S. Dist. LEXIS 32750, at *20 (E.D.N.Y. Mar. 11, 2016) (internal citations omitted); *see also Zuccarini v. PVH Corp.*, No. 151755/15, 2016 N.Y. Misc. LEXIS 673, at *3-4 (Sup. Ct.

N.Y. County Feb. 29, 2016) ("Under New York law, there are two well-established doctrines –

the single and joint employer doctrines – that allow an employee to assert employer liability

against an entity that is not formally his or her employer.") (internal quotation marks omitted).

The single employer test:

> examines the interrelation of operations, common management, centralized
> control of labor relations, and common ownership.  Also relevant are the use of
> common office facilities and equipment and family connections between or
> among the various enterprises. . . . Ultimately, single employer status depends on
> all the circumstances of the case and is characterized by absence of an arm's
> length relationship found among unintegrated companies.

*Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) (internal quotation marks

and citations omitted); *Zuccarini*, 2016 N.Y. Misc. LEXIS 673, at *4 (identifying relevant

factors under New York law as "(1) interrelation of operations, (2) centralized control of labor

relations, (3) common management, and (4) common ownership or financial control") (internal

quotation marks omitted).  "To demonstrate single employer status, not every factor need be

present, and no particular factor is controlling."  *Lihli Fashions Corp., Inc.*, 80 F.3d at 747.

    The Second Circuit has applied the single employer doctrine to a number of employment

statutes, including the NLRA, *Lihli Fashions Corp., Inc.*, 80 F.3d 743, and Title VII, *Cook v.

Arrowsmith Shelburne, Inc.*, 69 F.3d 1235 (2d Cir. 1995).  While the Second Circuit has not yet

decided whether the single employer doctrine applies to the FLSA, most courts in this Circuit

that have considered the issue have applied it to the FLSA or found it to be a viable theory at the

motion to dismiss stage.[1]  *E.g.*, *Nuriddinov v. Masada III, Inc.*, No. 15 CV 5875, 2017 U.S. Dist.

LEXIS 116357 (E.D.N.Y. July 24, 2017) (default judgment application); *Chen v. 2425*

---

[1] New York courts have repeatedly applied the single employer doctrine to NYLL claims.  *E.g.*, *Picard v. Bigsbee Enters., Inc.*, No. 1984-13, 2017 N.Y. Misc. LEXIS 2052, at *23-25 (Sup. Ct. Albany County May 23, 2017) (granting plaintiffs' summary judgment motion with respect to joint and several liability under the single employer doctrine);  *Zuccarini*, 2016 N.Y. Misc. LEXIS 673, at *3 (stating that the single employer doctrine is "well-established" under New York law); *Donetto v. S.A.R.L. De Gestion Pierre Cardin*, 787 N.Y.S.2d 677, 677 (N.Y. Sup. Ct. N.Y. County 2004) (applying single employer doctrine on motion to dismiss).

*Broadway Chao Rest., LLC*, No. 16 CV 5735, 2017 U.S. Dist. LEXIS 92149 (S.D.N.Y. June 15, 2017) (motion to dismiss); *Flores v. 201 West 103 Corp.*, No. 16 Civ. 2233, 2017 U.S. Dist. LEXIS 91654 (S.D.N.Y. June 14, 2017) (same); *Li v. Ichiro Sushi, Inc.*, No. 14 CV 10242, 2016 U.S. Dist. LEXIS 41894 (S.D.N.Y. Mar. 29, 2016) (same); *Chimbay v. Pizza Plus at Staten Island Ferry, Inc.*, No. 15 CV 2000, 2016 U.S. Dist. LEXIS 32257 (S.D.N.Y. Mar. 14, 2016) (same); *Garcia*, 2016 U.S. Dist. LEXIS 32750 (same); *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552 (S.D.N.Y. 2015) (same); *Ayala v. Your Favorite Auto Repair & Diagnostic Center, Inc.*, No. 14 CV 5269, 2016 U.S. Dist. LEXIS 127425 (E.D.N.Y. Sept. 19, 2015) (post-trial findings of fact and law); *Armata v. Unique Cleaning Servs., LLC*, No. 13 CV 3625, 2015 U.S. Dist. LEXIS 180995 (E.D.N.Y. Sept. 14, 2015) (application for default judgment); *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363 (S.D.N.Y. 2014) (motion for judgment on the pleadings); *Lopez v. Pio Pio NYC, Inc.*, No. 13 CV 4490, 2014 U.S. Dist. LEXIS 67121 (S.D.N.Y. May 15, 2014) (motion to dismiss); *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502 (S.D.N.Y. 2013) (motion to amend the complaint); *Bravo v. Established Burger One LLC*, No. 12 Civ. 9044, 2013 U.S. Dist. LEXIS 146237 (S.D.N.Y. Oct. 8, 2013) (motion to dismiss); *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091, 2013 U.S. Dist. LEXIS 35808 (S.D.N.Y. Feb. 28, 2013) (same); *Chen v. TYT East Corp.*, No. 10 Civ. 5288, 2012 U.S. Dist. LEXIS 166557 (S.D.N.Y. Mar. 21, 2012) (summary judgment motion); *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74 (E.D.N.Y. 2011) (motion to amend the complaint).

Courts have done so because "the single employer doctrine and FLSA share the same concerns for the fairness of imposing liability for labor infractions where two nominally independent entities do not act under an arm's length relationship." *Armata*, 2015 U.S. Dist. LEXIS 180995, at *9 n.2 (quoting *TYT East Corp.*, 2012 U.S. Dist. LEXIS 166557, at *9)

(internal quotation marks omitted).  Moreover, the FLSA contains "the broadest definition [of employ] that has ever been included in any one act."  *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 69 (2d Cir. 2003).  This breadth, along with the Second Circuit's treatment of "employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances[,]" further supports application of the single employer doctrine to FLSA claims.  *Lopez*, 2014 U.S. Dist. LEXIS 67121, at *10 (internal quotation marks omitted); *see also Armata*, 2015 U.S. Dist. LEXIS 180995, at *9 n.2; *TYT East Corp.*, 2012 U.S. Dist. LEXIS 166557, at *3.  Accordingly, at this early stage of the litigation, the Court should not dismiss the Riko Defendants if it finds that the complaint adequately pleads that the Corporate Defendants are a single, integrated employer.  *See Yap*, 146 F. Supp. 3d at 557 (denying motion for judgment on the pleadings where court found that the single employer "theory is at least potentially available in FLSA cases, given the proper evidence").

The FAC contains sufficient allegations regarding the single employer factors to adequately plead claims against the Riko Defendants.  The FAC alleges that Defendant Burgos owns all of the Corporate Defendants, establishing common ownership.  (FAC ¶ 11.)  Defendant Burgos exercises supervisory power at Cumbia and Sabor and Riko Sunnyside, demonstrating common management.  (*Id*. at ¶ 23.)  The identification of his daughter Jessenia Burgos as a principal on all of the Restaurants' liquor licenses is likewise indicative of common ownership and management.  (*Id*. at ¶ 14.)  *See Ferrara v. Oakfield Leasing, Inc.*, 904 F. Supp. 2d 249, 263-64 (E.D.N.Y. 2012).

The allegations in the FAC also support a finding of centralized control of labor relations. The FAC alleges that all of the Restaurants paid service employees a per shift rate that was below the minimum wage, as evidenced by Plaintiff's personal experience at Cumbia and Sabor

and other employees who worked at two of the Riko restaurants.  (FAC ¶¶ 17, 51, 53.)  Such common pay practices are indicative of centralized control of labor relations.  *Chimbay*, 2016 U.S. Dist. LEXIS 32257, at *10; *Juarez*, 29 F. Supp. 3d at 368.  Plaintiff's allegation that the Restaurants shared employees further reflects centralized control of labor relations.  (FAC ¶ 13.) *Chimbay*, 2016 U.S. Dist. LEXIS 32257, at *10-11; *Picard*, 2017 N.Y. Misc. LEXIS 2052, at *24.

The allegations in the FAC establish that the Corporate Defendants have interrelated operations.  They all have the same business purpose of operating restaurants, which is indicative of interrelated operations.[2]  (FAC ¶ 12.)  *Finkel v. Frattarelli Brothers, Inc.*, No. 05 CV 1551, 2008 U.S. Dist. LEXIS 46973, at *31 (E.D.N.Y. June 17, 2008); *Ghaffar v. Willoughby 99 Cent, Inc.*, No. 09 CV 509, 2010 U.S. Dist. LEXIS 88888, at *8 (E.D.N.Y. Aug. 27, 2010).  The Riko restaurants share a single website that advertises them as a single unit, and the Riko Sunnyside Facebook page advertised the opening of Cumbia and Sabor in October 2016.  (FAC ¶¶ 15-16.) Courts have previously found that shared websites and advertising, even if not common to all putatively separate entities, supports a finding of single employer status.  *E.g.*, *Flores*, 2017 U.S. Dist. LEXIS 91654, at *17-19; *Juarez*, 29 F. Supp. 3d at 367-68.  A finding of interrelated operations is further supported by Plaintiff's allegations that the various restaurants shared employees and the involvement of members of the Burgos family in all of the Restaurants. (FAC ¶¶ 11, 13, 14.)  *Ferrara*, 904 F. Supp. 2d at 261; *Picard*, 2017 N.Y. Misc. LEXIS 2052, at *24.

---

[2] The fact that Cumbia & Sabor has a different name than the Riko restaurants is of no moment.  Courts have repeatedly found single employer adequately plead where defendants operated restaurants with different names. *Flores*, 2017 U.S. Dist. LEXIS 91654, at *2 (listing restaurant names); *Chimbay*, 2016 U.S. Dist. LEXIS 32257, at *1-2 (same).

For the foregoing reasons, the FAC adequately pleads that the Corporate Defendants constitute a single employer that can be held jointly and severally liable for the violations alleged in the complaint.[3]  Thus, the claims against the Riko Defendants should not be dismissed.[4]

> ii.  **The FAC adequately asserts FLSA claims on a collective basis against each Corporate Defendant on behalf of employees of its respective restaurant**

Even if the single employer doctrine did not apply in this case (as set forth above, it does), the claims against the Riko Defendants should not be dismissed because Plaintiff has asserted FLSA claims against them on a collective basis on behalf of service employees at all of the Restaurants.  *Reyes*, 2014 U.S. Dist. LEXIS 188734, at *11 (declining to dismiss claims against corporate defendants who did not directly employ plaintiffs where plaintiffs alleged collective claims and stating that "[t]he disagreement over which test to apply [formal or functional control versus the single employer doctrine] distracts from the more important question of to whom it should be applied").  The FLSA contemplates the maintenance of

---

[3] Two of the cases upon which Defendants rely in asking the Court to dismiss the Riko Defendants do not analyze the single employer doctrine and test described herein.  *Lopez v. Acme American Environmental Co., Inc.*, No. 12 Civ. 511, 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012); *Diaz v. Consortium for Worker Education, Inc.*, No. 10 Civ. 01848, 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. Sept. 28, 2010).  To be sure, they largely predate the glut of cases applying the single employer doctrine in FLSA cases.  *See* cases cited *supra* pp.6-7.  As such, they have little if any relevance to the application of the single employer doctrine on this motion.  In the third case upon which Defendants rely, *Apolinar v. R.J. 49 Rest., LLC*, No. 15 CV 8655, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the court applied a hybrid joint employer/single employer standard and, as such, focused on the plaintiffs' failure to allege that all of the putative employers exercised direct control over them.  *Id*. at *10-13 & n.4.  However, the Second Circuit has made clear that the single employer doctrine is distinct from the joint employer doctrine, and it is under the joint employer doctrine that control by the putative employer is at issue.  *Griffin v. Sirva, Inc.*, 835 F.3d 283, 292-93 (2d Cir. 2016).  As Plaintiff contends that the Corporate Defendants are a single, integrated employer, the Court should determine whether the FAC adequately pleads employer liability under that doctrine, rather than focusing on whether the Riko Defendants had sufficient control to trigger application of the joint employer doctrine.

[4] If the Court finds that the single employer doctrine applies in this case but dismisses claims against any of the Corporate Defendants because it determines that the FAC does not contain sufficient facts regarding single employer status, such dismissal should be without prejudice.  Certain facts regarding the single employer factors may be known solely by Defendants, and if Plaintiff learns of additional, relevant facts she should be permitted to replead her claims.  Fed. R. Civ. P. 15(a)(2) (leave to amend should be freely given); *see also Miller v. Hyundai Motor Am.*, No. 15 CV 4722, 2016 U.S. Dist. LEXIS 133668, at *49-50 (S.D.N.Y. Sept. 28, 2016) (dismissing with prejudice time barred claims and without prejudice claims for which the complaints factual allegations were insufficient to state a claim).

collective actions by similarly situated employees.  29 U.S.C. § 216(b).  "[D]istrict courts have

discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential

plaintiffs of the pendency of the action and of their opportunity to opt-in as represented

plaintiffs."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks

omitted).  In such cases, a district court "mak[es] an initial determination to send notice to

potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to

whether a FLSA violation has occurred."  *Id.*  A court can authorize notice where a plaintiff

makes a "modest factual showing" that she and potential opt-in plaintiffs "together were victims

of a common policy or plan that violated the law."  *Id.* (internal quotation marks omitted).  This

burden is "very low."  *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345, 2013 U.S. Dist. LEXIS

135926, at *29 (S.D.N.Y. Sept. 20, 2013) (internal quotation marks omitted).  "Allegations by

named plaintiffs that they were informed of similar violations by employees at other locations

are sufficient to warrant pre-certification of a collective action."  *Reyes*, 2014 U.S. Dist. LEXIS

188734, at *13-14.

    Here, the FAC alleges that all of the Restaurants paid service employees a sub-minimum

wage shift pay, based on (1) Plaintiff's personal experience at Cumbia and Sabor (FAC ¶ 51);

and (2) how employees who worked at Riko Sunnyside and Riko Express told Plaintiff they were

paid at those restaurants (*Id.* at ¶ 53).  Defendant Burgos' common ownership and control of all

of the Restaurants and the sharing of employees among Cumbia and Sabor, Riko Sunnyside, and

Riko Chelsea further suggest that the Restaurants had common pay practices, such that FLSA

notice should be sent to employees of all of the Restaurants.  *See Reyes*, 2014 U.S. Dist. LEXIS

188734, at *15.  Thus, "[t]hese allegations support the plaintiff['s] claims that the [Riko

Restaurants] engaged in similar violations and should remain defendants in this case; whether or

11

not the fact ultimately support such claims at trial or on a motion for summary judgment, the plaintiff[] ha[s] pled sufficient facts on behalf of potential opt-in and class plaintiffs to survive a motion to dismiss." *Id*. at \*15-16.

## B. The FAC Adequately Pleads That The Individual Defendants Were Plaintiff's Employers

The FAC adequately pleads that the Individual Defendants were employers who can be held liable for violations of the FLSA and NYLL. To determine whether an individual is an employer under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case."[5] *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (internal citation omitted). "Because the 'economic reality' of a relationship drives the analysis as to whether it constitutes an employer-employee relationship for the purpose of FLSA, the determination must be made on a case-by-case basis in light of the totality of the circumstances, and cannot rest on technical concepts." *Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 253 (E.D.N.Y. 2015) (Brodie, J.). Relevant factors (the "*Carter* factors") include but are not limited to "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104 (internal quotation marks omitted). A court should also consider whether the alleged employer has operational control over employees. "A person exercises operational

---

[5] In light of this standard, Defendants' assertion that an individual is an employer under the FLSA only if he or she is "instrumental in causing the corporation to violate the FLSA" is simply wrong in this Circuit. (Defs.' Mem. at 9.) *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) ("Nothing . . . in the FLSA . . . requires an individual to have been personally complicit in FLSA violations; the broad remedial purposes behind the statute counsel against such a requirement.").

control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110.

New York Labor Law ("NYLL") has a similar standard for determining whether an individual is an employer. "Whether an individual qualifies as an employer [under the NYLL] depends on whether the particular defendant had the power to hire and fire employees, whether he supervised and controlled the conditions of employment, and whether he determined rates and methods of payment, and the like." *Flanigan v. Vulcan Power Group, LLC*, No. 14-4444, 2016 U.S. App. LEXIS 4680, at *8 (2d Cir. Mar. 15, 2016); *see also Bonito v. Avalon Partners, Inc.*, 106 A.D.3d 625, at 626 (N.Y. App. Div. 1st Dep't 2013) (considering the "economic realities of the case" and finding that plaintiffs stated a claim against individual defendant who allegedly "hired and fired employees, supervised and controlled employees' work schedules, determined the method and rate of pay, kept employment records, and approved any vacations").

Applying these standards, the FAC plausibly alleges that Defendants Burgos and Gil were her employers under the FLSA and New York law. With respect to Defendant Burgos, the FAC contains non-conclusory allegations regarding the first three *Carter* factors. The FAC alleges that he has the power to hire and fire employees, as evidenced by his hiring of both Plaintiff and a Cumbia and Sabor manager. (FAC ¶ 21.) *Herman*, 172 F.3d at 140 (noting that hiring of managerial employees "is a strong indication of control"). The FAC alleges that Defendant Burgos "was the primary manager at Cumbia and Sabor when Plaintiff started working there, and throughout Plaintiff's employment he gave instructions to employees when he was at the restaurant[,]" which was approximately five times per week.[6] (FAC ¶¶ 19, 23.)

---

[6] Defendants attempt to subvert the economic reality test's totality of the circumstances approach by attempting to analyzed Plaintiff's allegations in a piecemeal fashion. (Defs.' Mem. at 8.) This is improper. The FAC's allegations must be considered holistically. *Wang*, 81 F. Supp. 3d at 253 ("[T]he determination [of employer status] must be made . . . in light of the totality of the circumstances, and cannot rest on technical concepts."). Thus, for

These allegations of managerial and supervisory authority show that Defendant Burgos "supervised and controlled . . . conditions of employment." *Irizarry*, 722 F.3d at 104; *Wang*, 81 F. Supp. 3d at 257 n.9 ("[D]irecting employees as to how to do their job is one of many relevant factors that may, when viewed in the totality of the circumstances, be relevant to determining whether an individual is or is not an employer."); *see also Flores*, 2017 U.S. Dist. LEXIS 91654, at *20 (denying motion to dismiss where complaint alleged that individual defendant "was a manager at [the restaurant] and directly supervised Plaintiffs in that capacity"); *Reyes*, 2014 U.S. Dist. LEXIS 188734, at *19 (denying motion to dismiss where complaint alleged, *inter alia*, that individual defendant supervised employees during occasional visits to the restaurant); *Bravo*, 2013 U.S. Dist. LEXIS 146237, at *20 (allegation that individual defendant "check[ed] in on the restaurants" supported denying motion to dismiss).

The FAC also alleges that Defendant Burgos sometimes paid Plaintiff her weekly wages, which, particularly combined with the allegations that he was an owner and manager of the restaurant, demonstrates control over the rate and method of payment. (FAC ¶ 11, 22, 23.) *Bravo*, 2013 U.S. Dist. LEXIS 146237, at *20 (citing allegation that an individual defendant distributed paycheck in denying motion to dismiss claims against him); *see also Ho v. Sim Enters., Inc.*, No. 11 Civ. 2855, 2014 U.S. Dist. LEXIS 66408, at *30 (S.D.N.Y. May 14, 2014) (finding that individual defendant was an employer where, *inter alia*, she had authority to distribute employees' pay). These allegations regarding the *Carter* factors are on their own sufficient to defeat a motion to dismiss. *E.g.*, *Bravo*, 2013 U.S. Dist. LEXIS 146237, at *20 (denying motion to dismiss with respect to one individual defendant who plaintiffs alleged "set their schedule, distributed paychecks, and handled employee complaints" and another who

---

example, Burgos's regular presence in the restaurants, when coupled with the fact that he gave workers orders, demonstrates that he actively supervised employees, which can give rise to employer liability. *Reyes*, 2014 U.S. Dist. LEXIS 188734, at *19.

"check[ed] in on the restaurant" and who a plaintiff was told to talk to if he wanted more work);
*see also Wang*, 81 F. Supp. 3d at 256 (denying defendants' summary judgment motion were only
two *Carter* factors were potentially satisfied); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114,
135-36 (S.D.N.Y. 2014) (same).  Burgos' control over employees is further bolstered by the fact
that he is alleged to be an owner who is actively involved in running the Restaurants.[7]  (FAC ¶¶
11, 19-25.)  *Chen*, 2017 U.S. Dist. LEXIS 92149, at *13-14.  Accordingly, the FAC plausibly
alleges that Defendant Burgos is an employer.

 With respect to Defendant Gil, the FAC contains non-conclusory allegations regarding all
of the *Carter* factors.  Defendants do not contest that the FAC contains well-pleaded, non-
conclusory allegations that Defendant Gil (1) had the power to hire and fire employees, as
demonstrated by two specific examples (FAC ¶ 30) and (2) in fact set employee schedules,
including Plaintiff's (*Id*. at ¶ 29).  (Defs.' Mem. at 11.)  These allegations alone are sufficient to
defeat a motion to dismiss.  To be sure, this Court has previously denied a defendant's *summary
judgment* motion where the third and fourth *Carter* factors were not satisfied but there were
factual disputes regarding his power to hire and fire employees and supervise and control their
schedules or conditions of employment  *See Wang*, 81 F. Supp. 3d at 256.  Moreover, and
contrary to Defendants' contention, the FAC pleads additional, relevant facts supporting
Defendant Gil's individual liability.  Specifically, she supervises Cumbia and Sabor "employees
by giving them orders and directions" in accordance with her general manager position.[8]  (FAC

---

[7] That involvement coupled with Defendant Burgos' role as owner of small businesses that engage in the same pay
practices also makes it plausible that, as the FAC alleges upon information and belief, he was involved in "cerating
the policies that are the subject of this lawsuit."  (FAC ¶ 25.)

[8] It is immaterial that the FAC does not describe in detail the types of orders and directions Defendant Gil gives.
(Defs.' Mem. at 11.)  In context, it is clear that the FAC is alleging that Defendant Gil gave employees orders and
directions relating to their work.  (*See also* FAC ¶ 55 (stating that Defendant Gil had authority to run pre-shift
meetings and control station assignments).)

¶¶ 27-28.)  *Flores*, 2017 U.S. Dist. LEXIS 91654, at *20.  Defendant Gil often distributed Plaintiff's pay which, as previously discussed with respect to Defendant Burgos, is sufficient to allege that Defendant Gil determined the rate and method of Plaintiff's wage payment.  (FAC ¶ 31.)  *Bravo*, 2013 U.S. Dist. LEXIS 146237, at *20; *Ho*, 2014 U.S. Dist. LEXIS 66408, at *30. Defendant Gil also required Plaintiff to sign a pay ledger acknowledging receipt of her wages, which shows that Defendant maintained employment records.[9]  (FAC ¶ 31.)  As the FAC pleads facts regarding Defendant Gil that go to all of the *Carter* factors, Plaintiff's allegations are more than sufficient to state a claim against Defendant Gil as her employer.

The cases on which Defendants rely in asking this Court to dismiss the claims against the Individual Defendants are inapposite.  In all of those cases, the complaints merely asserted that the individual defendants satisfied the economic reality test factors without providing any examples of how they did so.  *Gisomme v. Healthex Corp.*, No. CV 13-2541, 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014); *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, Nos. 11 Civ. 6658, 11 Civ. 6657, 11 Civ. 6366, 2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sept. 6, 2012); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009).  In contrast, Plaintiff's FAC provides specific examples of the Individual Defendants' exercise of hiring and firing power (FAC ¶¶ 21 (Burgos hired Plaintiff and a manager), 30 (Gil hired an employee named Adriana and fired Plaintiff)), and supervisory authority (*Id.* at ¶¶ 23, 28, 55 (stating Plaintiff's firsthand experience and observation of the Individual Defendants' directing employees' work).  As discussed *supra*, the Individual Defendants' distribution of Plaintiff's pay is indicative of their power over wages, and those allegations are based on Plaintiff's personal experience.  (*Id.* at ¶¶

---

[9] Defendants merely quibble with semantics in asserting that the FAC's allegation that Gil required Plaintiff to sign a pay ledger does not mean that Gil "*maintained* employment records."  (Defs.' Mem. at 11 (emphasis in original).) The person who "requires" an employee to sign an employment record is certainly plausibly involved in "maintaining" that record.

22, 31.)  Similarly, Defendant Gil's requiring Plaintiff to sign a pay ledger is a specific detail that

Plaintiff experienced that demonstrates that Defendant Gil maintained employment records.  (*Id.*

at ¶ 31.)  Thus, the allegations in the FAC are sufficient to state claims against the Individual

Defendants.[10]  *See Ayala v. Looks Great Servs., Inc.*, No. 14 CV 6035, 2016 U.S. Dist. LEXIS

81912, at *18-19 (E.D.N.Y. June 23, 2016) ("[T]he plaintiff must plead facts which make it

plausible to infer that the individual defendant had authority [to] take actions that satisfy some of

the factors set forth in the economic reality test.  As an example, the plaintiff could allege that

the individual defendant did hire a *particular* employee; provide actual examples of authority

exercised by the individual defendant that tended to show that he had operational control of the

company; or plead allegations showing that the individual defendant was the sole decision-maker

in a small or medium sized corporation.  Any of these allegations would likely 'nudge' FLSA

and NYLL claims against individual officers of a company 'across the line from conceivable to

plausible.'").

### C.  There Is No Basis To Dismiss The State Law Claims

Defendants have provided no basis for this Court not to exercise supplemental

jurisdiction over Plaintiff's state law claims.  28 U.S.C. § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise
> by Federal statute, in any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction over all other
> claims that are so related to claims in the action within such original jurisdiction
> that they form part of the same case or controversy under Article III of the United
> States Constitution.

"[C]laims form part of the same case or controversy if they derive from a common nucleus of

operative fact."  *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234, 245 (2d Cir. 2011)

(internal quotation marks omitted).  It is well settled that federal and state wage and hour claims

---

[10] For the reasons set forth *supra* n.4, if the Court dismisses claims against either Individual Defendant, such dismissal should be without prejudice.

against an employer derive from a common nucleus of operative fact, such that a court must exercise supplemental jurisdiction over the state law claims unless one of the criteria set forth in 28 U.S.C. § 1367(c) is satisfied.  *Id.*

Defendants do not deny that Plaintiff's federal and state law claims derive from a common nucleus of operative fact.  Instead, in urging the Court to decline to exercise supplemental jurisdiction, Defendants rely on 28 U.S.C. § 1367(c)(3), which provides that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction."  (Defs.' Mem. at 12-13.)  This reliance is fatally flawed, as Defendants have not asked this Court to dismiss all FLSA claims in the FAC.  Specifically, Defendants have set forth no argument asking this Court to dismiss the FLSA claims against Baru Corp., which they concede employed Plaintiff.  Instead, they have merely asked the Court to dismiss the claims against the Riko Defendants and the Individual Defendants.[11]  (Defs.' Mem. at 3-12.)  While such claims should not be dismissed for the reasons discussed *supra*, even if the Court were to dismiss the claims against the Riko Defendants and the Individual Defendants, Plaintiff's FLSA claims against Baru Corp. would remain, leaving no basis to decline to exercise supplemental jurisdiction over Plaintiff's New York claims against Baru Corp.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied in full.

---

[11] Moreover, Defendants may not argue for the first time on reply that the claims against Baru Corp. should be dismissed.  *E.g.*, *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999).

Dated:  New York, New York
        August 18, 2017

/s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff*