UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA KAMILA MARIN, on behalf of herself and others similarly situated,<br><br>           Plaintiff,<br><br>   -against-<br><br>APU FOODS CORP. d/b/ RIKO PERUVIAN CUISINE, 44 SUNNYSIDE CORP. d/b/a RIKO PERUVIAN CUISINE EXPRESS, JAMAICA 153 CORP. d/b/a RIKO PERUVIAN CUISINE, 8 CHELSEA CORP. d/b/a RIKO PERUVIAN CUISINE, BARU CORP. d/b/a CUMBIA AND SABOR, PAULA ANDREA GIL, and WALTER BURGOS,<br><br>           Defendants. | Case No. 17-cv-3224 (MKB) (SMG) |

### REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

   Defendants APU Foods Corp. d/b/a Riko Peruvian Cuisine, 44 Sunnyside Corp. d/b/a Riko Peruvian Cuisine Express, Jamaica 153 Corp. d/b/a Riko Peruvian Cuisine, 8 Chelsea Corp. d/b/a Riko Peruvian Cuisine, (collectively referred to as the "Riko Corporate Defendants"), Baru Corp. d/b/a Cumbia y Sabor ("Cumbia y Sabor"), Paula Andrea Gil, and Walter Burgos (all defendants collectively referred to as "Defendants"), respectfully submit this memorandum of law in further support of their motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

### ARGUMENT

**I. PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD THAT THE RIKO CORPORATE DEFENDANTS AND CUMBIA Y SABOR WERE "PART OF A SINGLE INTEGRATED ENTERPRISE"[1]**

---

[1] As Plaintiff explained (Pl. Opp. at 6), the Second Circuit has never endorsed the "single integrated enterprise" theory of liability in the FLSA context, and district courts in this Circuit are divided on its application to FLSA and NYLL cases. *See Spiciarich v. Mexican Radio Corp.*, No. 14-CV-9009 (SHS), 2015 WL 4191532, n. 5 (S.D.N.Y. July 10, 2015).

Plaintiff's allegations in the FAC fail to adequately allege and fail to plausibly support Plaintiff's position that all five restaurants constitute a "single integrated enterprise" nor have they successfully alleged that the Riko Corporate Defendants are a "single integrated enterprise" together with Cumbia y Sabor. To be clear, "[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511 (WHP, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012); *Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016). However, as detailed below, Plaintiff cannot even allege common ownership and common purpose as the FAC contradicts itself with respect to ownership and the restaurants serve different food and are different operations. Plaintiff does not allege that the Riko Corporate Defendants had any sort of direct employer responsibility or control over her. As explained in *Lopez*, Plaintiff cannot escape her obligation under the FLSA to allege a relationship of control between the Riko Corporate Defendants and herself. Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiff as an employee. *See Lopez* at *5.[2]

---

[2] A court in the Fifth Circuit further elaborated in clear terms in *Joaquin v. Coliseum Inc.*, No. 15 CV 787 (LY), 2016 WL 3906820 at *8 (W.D. Texas July 13, 2016): "Plaintiffs must plead separate employment, separate payment from the employers, and separate injuries regarding their wages and tips by each employer in order to establish standing against the non-Coliseum Defendants pursuant to the FLSA. Where a complaint seeks to hold more than one employer liable under the FLSA, at least some facts of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA." *Kaminski v. BWW Sugar Land Partners*, No. CIV.A. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010). Plaintiffs in that case "fail[ed] to plead any facts regarding their individual employment relationships with each Defendant employer sufficient to withstand a motion to
dismiss. *See Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ.511 (WHP), 2012 WL 606250I, at *4 (S.D. N.Y. Dec. 6, 2012) ("Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees."). Plaintiffs allegations entirely leave out the relationship that Plaintiffs, as employees, had to non-Coliseum Defendants besides the one location at which Plaintiffs actually worked.

Rather than address this point and provide a meaningful and meritorious response, Plaintiff instead buries its response in a few words in a single footnote at the end of this particular section (Pls. Opp. at 10, n. 3) – one which nevertheless is disingenuous. Plaintiff contends that *Lopez, and Diaz* "largely predate" the cases Plaintiff cites in pages 6-7 of its opposition. However, this is only because Plaintiff has selectively chosen its cases to make this point. Indeed, it is *undisputable* that *Lopez and Diaz* remain good law and the cases cited by Plaintiff are inapposite and readily distinguishable, as demonstrated below.

In support of its "single integrated enterprise" theory, Plaintiff points to its conclusory allegation that "Defendant Burgos owns all of the Corporate Defendants," however, this is flatly contradicted by the allegation in the Complaint that "all of the Restaurants' liquor licenses identify the same principal, Jessenia Burgos," rather than Walter Burgos. (FAC ¶14). Plaintiff's own pleadings are therefore unclear on this specific point indicating that Plaintiffs cannot plead common ownership as its own allegations contradict each other. Plaintiff can only allege that the Riko Corporate Defendants have a common website and has not alleged that Cumbia y Sabor shares that website. (FAC ¶ 15). No reference in the FAC is made to any common menu as is frequently cited in this line of case law. Plaintiff's allegation that "Defendant Burgos exercises supervisory power at Cumbia y Sabor and Riko Sunnyside, demonstrating common management" (Pl. Opp. at 8, FAC ¶ 23), is a legal conclusion and not based on any substantive allegations. With respect to centralized control of labor relations, Plaintiff can do nothing more than plead "based upon information and belief" (FAC ¶ 17) that the restaurants have common payroll practices. Indeed, everything about this pleading indicates over reaching by Plaintiff and an unwarranted extension of current case law on this subject. As is evidenced from the distinctions described below with Plaintiff's cited case law, in numerous cases, the plaintiff(s)

*actually worked* at the other locations, all the restaurants had a common website, menu, logo, uniforms, and décor, had the same name and were in fact a chain restaurant, shared the same location, transported supplies/inventory to each other, and/or comingled pay to plaintiff(s).

In *Nuriddinov v. Masada III, Inc*. No. 15 CV 5875, 2017 U.S. Dist. LEXIS 116357 (E.D.N.Y. July 24, 2017), the plaintiff was paid by one defendant entity, Masada III Transportation, while his car was registered to another defendant entity, Masada III. Moreover, the third entity Masada III Car & Limo shared a principal place of business with Masada Transportation. On this basis, the court found the three entities to be a single integrated employer. None of these allegations are present in the FAC.

Plaintiff's reference to *Flores v. 201 West 103 Corp.*, No. 16 Civ. 2233, 2017 WL 2589382 (S.D.N.Y. June 14, 2017) is also distinguishable because in that case, plaintiffs alleged facts that the restaurants had similar names, a common theme, and similar menus. Notably, here, Plaintiff's direct employer, Cumbia y Sabor, has a different name from the Riko Corporate Defendants; Cumbia y Sabor is a Colombian restaurant while Riko Peruvian Cuisine is (not surprisingly) Peruvian cuisine, and there are no allegations as to the same menu (as they have different menus). Plaintiffs in *Flores* alleged that the restaurants transferred items between themselves – no such allegation exists here. In *Flores*, two of the restaurants shared a website – here Plaintiff can only allege that the Riko Corporate Defendants share a website, not Plaintiff's direct employer.

*Li v. Ichiro Sushi, Inc.*, No. 14 CV 10242, 2016 WL 1271068 (S.D.N.Y. March 29, 2016), is inapposite as in that case the individual defendants were a husband and wife and plaintiff alleged the two restaurant locations were "members of a restaurant chain known as Ichiro Restaurant." *Id.* at 6. No such allegations exist in this case – nor can they exist.

4

Plaintiff's reference to *Chimbay v. Pizza Plus at Statend Island Ferry, Inc.*, No. 15 CV 2000, 2016 WL 1064611 (S.D.N.Y. Mar. 14, 2016), is similarly inapposite. There, Defendants' operations were held to be interrelated because they shared common facilities, supplies, products, had similar logos, menus and décor, and centralized warehouse for storing inventory. *Id.* at *4. None of these allegations exist here nor anything resembling such claims. Moreover, in *Chimbay*, plaintiff alleged that defendants issued paychecks from common offices, and that one individual defendant was the CEO of all locations and all individual defendants worked together in a common office at Seaport Terminal.

Plaintiff's reference to *Yap v. Mooncake Foods, Inc.*, 146 F. Supp.3d 552 (S.D.N.Y. 2015) is also distinguishable as in that case, plaintiff provided an affirmation heavily detailing conduct and activity across all four restaurant locations including stating that the individual defendants managed the kitchen, waitstaff, and deliverymen across all locations, that management of deliverymen was recorded in a book and interchanged across all locations, that an individual defendant drove the sauces, marinade, vegetables and meat across all locations. None of these allegations exist in this case. In *Yap*, an individual defendant confirmed that he was indeed the President of all four restaurant locations. Here, Plaintiff cannot make a single allegation as to who the owner is. All Plaintiff can do is allege that the restaurants' liquor licenses identify the same principal, Jessenia Burgos, who is the daughter of defendant Walter Burgos. (FAC ¶ 14). Importantly, in *Yap*, Plaintiffs' counsel submitted in opposition to Defendants' motion a single website shared among all four locations, whereas here Plaintiff can only allege that the Riko Corporate Defendants shared the same website – not Cumbia y Sabor which was Plaintiff's actual direct employer. In that case, unlike here, a single menu was shared among all four locations and a W-2 form was received by a plaintiff from one of the other corporate defendants

at which he did not actually work as a cook. Stated differently, in *Yap*, unlike here, the plaintiffs were paid by other corporate defendants, shared a website and a menu.

*Juarez v. 449 Rest., Inc.*, is inapposite as in that case, the plaintiff alleged that he actually worked at three locations, whereas here plaintiff only worked at one location – Cumbia y Sabor. (FAC ¶ 32). 29 F.Supp. 3d 363 (S.D.N.Y. 2014). In *Juarez*, "interrelated operations" was demonstrated by a shared website, décor, menus, and uniforms – none of which exist here.

*Lopez v. Pio Pio NYC, Inc.*, No. 13 CV 4490, 2014 U.S. Dist. LEXIS 67121 (S.D.N.Y. May 15, 2014), is easily distinguishable as in that case the plaintiffs actually worked at three of the restaurants, the restaurants were "marketed jointly on the same website, honor[ed] the same gift cards, ha[d] the same logo, similar menus, and a single email address." Plaintiffs alleged that the restaurants "all used interchangeable supplies." Finally, plaintiffs in *Lopez* alleged that the individual defendants centrally determined the wage and hour policies for all the restaurants, personally received complaints from employees at any of the restaurants – allegations which do not exist here.

Defendants' reference to *Bravo v. Established Burger One LLC*, No. 12 Civ. 9044, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) is inapposite and only serves to strengthen Defendants' position. In that case, the Good Burger Defendants all advertised on the same website, whereas here, Plaintiff can only allege that the *Riko* Corporate Defendants share a single website (FAC ¶ 15). Notably, Plaintiff cannot allege that Cumbia y Sabor is on this website of Riko Peruvian Cuisine – as it is an entirely different Colombian restaurant, brand, and concept. Plaintiff did not, nor can they allege that Cumbia y Sabor used the same menu at all locations, as the Good Burger Defendants alleged. Most importantly, plaintiffs in that case alleged that "several of the Plaintiffs worked at more than one, and as many as four different Goodburger locations." *Id.* at *8. Here,

6

Plaintiff has alleged that she only worked as a server at Cumbia y Sabor from late October 2016 until March 2017. (FAC ¶ 32). Finally, in this case, the individual defendant Gialamboukis "checked in on more than one restaurants," whereas in this case, Plaintiff can only allege that individual defendant Mr. Burgos was present at Cumbia y Sabor five times per week and can allege nothing about his alleged presence at the locations of the Riko Corporate Defendants.

Plaintiff also argues that even if the single employer doctrine did not apply in this case, the claims against the Riko Defendants should not be dismissed because Plaintiff has asserted FLSA claims against them on a collective basis on behalf of service employees at all of the Restaurants. (Pl. Opp. at 10). This position is incomprehensible and fails to fit into any theory of liability available to a plaintiff in a wage and hour action. Wage and hour liability is premised on employer status under all available theories, and here, Plaintiff has clearly alleged she only worked for Cumbia y Sabor. Any attempt to include the Riko Corporate Defendants is premised on the single integrated enterprise theory of liability – which Plaintiff is unable to avail itself as the allegations and the circumstances in this case are markedly different to current case law. In short, the Court should decline to broaden the scope of the "single integrated enterprise" theory of liability in the FLSA context.

Plaintiff is unable to escape that she has failed to allege that the "economic reality" of the relationship between Plaintiff and the Riko Corporate Defendants was one of control, and therefore fails to state an FLSA or NYLL claim against the Riko Corporate Defendants. Here, the FAC does not allege that the Plaintiff worked for two or more employers during a workweek or was paid by other employers, or performed any work which simultaneously benefited two or more employers. Rather, the Plaintiff alleges in the FAC that she only worked for Cumbia y

7

Sabor. The only logical conclusion that can be drawn from these allegations is that Plaintiff was employed only be Cumbia y Sabor, and not the Riko Corporate Defendants.

II. **PLAINTIFF'S BOILERPLATE, THREADBARE, CONCLUSIVE, AND SPECULATIVE ALLEGATIONS ARE INSUFFICIENT TO ADEQUATELY PLEAD THAT MR. BURGOS AND MS. GIL ARE "EMPLOYERS" UNDER THE FLSA**

   A. **Plaintiff Has Failed to Adequately Allege That Defendant Walter Burgos Is Plaintiff's Employer Under the FLSA**

With respect to the alleged employer status of individual defendant Mr. Burgos, as a preliminary matter, Plaintiff is forced to concede that the fourth *Carter* factor – maintaining employment records – was not plead. (Pl. Opp. at 13) ("With respect to Defendant Burgos, the FAC contains non-conclusory allegations regarding the first three *Carter* factors"). Plaintiff relies heavily on the conclusory allegation that he is the owner of all the restaurants in this action. However, as explained above, Plaintiff's allegation is undermined in its own Complaint as she also alleges that the principal on the liquor licenses for all the restaurants is in fact specifically and only Jessenia Burgos – not defendant Walter Burgos. (FAC ¶ 14).

Notably, with respect to the second *Carter* factor, no allegation is made with respect to Defendant Mr. Burgos that he set employee work schedules and set conditions of employment. Plaintiff's reference to Mr. Burgos "[giving] instructions to employees when he was at the restaurant" (FAC ¶ 23) once again does not distinguish him from any other employee, as it is not just common but the norm for senior employees to give instructions to newer employees. Without more, these allegations at most create an inference that Mr. Burgos is a senior employee. Plaintiff's allegations based on information and belief regarding "managing the restaurants' financials" further weakens her position, as does the allegation that a coworker told her he/she saw Mr. Burgos come into Cumbia y Sabor after hours and work in the office (FAC ¶ 20). Once

stripped of allegations based on information and belief, Plaintiff's allegations look increasingly insufficient to plead employer status and demonstrate the lengths Plaintiff is willing to go to once again over-reach in her allegations.

With respect to the third Carter factor, determining the rate and method of pay, contrary to Plaintiff's argument and as explained in Defendants' opening brief, issuing pay to employees is not the relevant inquiry in this factor – it is *determining* the rate and method of pay – and this factor is stated quite clearly.

### B. Plaintiff Has Failed to Adequately Allege That Defendant Paula Andrea Gil Is Plaintiff's Employer Under the FLSA

With respect to the employer status of individual defendant Ms. Paula Andrea Gil, contrary to Plaintiff's opposition, that Ms. Gil "supervised the restaurant's employees by giving them orders and directions," without any more factual substance as to what the orders and directions were about or for, does not contribute to any of the four factors. (FAC ¶ 28). That Defendant Ms. Gill allegedly "has authority over employees' pay" because she "often paid Plaintiff her weekly wages" and "required Plaintiff to sign a pay ledger" does not indicate that she *determined* the rate and method of payment, nor does it indicate that she *maintained* employment records. (FAC ¶ 31).

At best, Plaintiff is only able to touch on two of the four relevant factors with respect to Ms. Gil – that she had the power to hire and determine her schedule – and nothing more. Indeed, Plaintiff fails to adequately allege any factual content indicating that Ms. Gil determined the rate and method of payment for employees and maintained employment records, and therefore all claims against her should be dismissed for failure to plead that she was Plaintiff Mr. Marin's employer.

### III. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

Plaintiff has failed to allege any claims against Defendants. Nevertheless, should the Court determine that Plaintiff has stated a claim under NYLL against any Defendant, this Court should decline to exercise supplemental jurisdiction over that claim. The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. Here, no factor counsels in favor of retaining jurisdiction.

### IV. THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE

Because Plaintiff has already re-pleaded once and has not shown any reasonable probability that she will cure the defects on a third attempt at pleading her claims, the Court should decline to grant leave to re-plead again. Importantly, Plaintiff was made aware of Defendants' arguments while this case was before Judge Caproni in SDNY and then again in a pre-motion letter before this court, prior to Plaintiff's filing the FAC. Plaintiff had her opportunity to provide the most complete and thorough pleading she could, and even then, many of the allegations were speculative and based upon information and belief.

### CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's FLSA and NYLL claims against the Riko Corporate Defendants, Baru Corp. d/b/a Cumbia y Sabor, Paula Andrea Gil, and Walter Burgos as plead in the First Amended Complaint in their entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
September 1, 2017

*/s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.

                                                Empire State Building
                                                350 Fifth Avenue, Suite 5909
                                                New York, NY 10118
                                                (212) 960-3305
                                                argilio@lawrodriguez.com

                                                *Attorney for Defendants*