```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARIA KAMILA MARIN, on behalf of herself and   :
others similarly situated,                      :
                                                :          REPORT &
                                    Plaintiff,  :          RECOMMENDATION
                                                :          17-CV-3224 (MKB) (SMG)
             -against-                          :
                                                :
APU FOODS CORP. d/b/a RIKO PERUVIAN             :
CUISINE, 44 SUNNYSIDE CORP. d/b/a RIKO          :
PERUVIAN CUISINE EXPRESS, JAMAICA 153           :
CORP. d/b/a RIKO PERUVIAN CUISINE, 8            :
CHELSEA CORP.  d/b/a RIKO PERUVIAN CUISINE,     :
BARU CORP. d/b/a CUMBIA AND SABOR, PAULA        :
ANDREA GIL, and WALTER BURGOS,                  :
                                    Defendants. :
------------------------------------------------------------------x
```

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff Maria Kamila Marin ("Plaintiff") brings this action on behalf of herself and others similarly situated against her alleged employers, Baru Corp., d/b/a Cumbia y Sabor ("Cumbia y Sabor")[1], APU Foods Corp. d/b/a Riko Peruvian Cuisine ("Riko Sunnyside"), 44 Sunnyside Corp. d/b/a Riko Peruvian Cuisine Express ("Riko Express"), Jamaica 153 Corp. d/b/a Riko Peruvian Cuisine ("Riko Jamaica"), 8 Chelsea Corp. d/b/a Riko Peruvian Cuisine ("Riko Chelsea") (collectively the "Riko Defendants") (together with Cumbia y Sabor, the "corporate defendants"), Paula Andrea Gil, and Walter Burgos (collectively the "individual defendants").  Plaintiff brings, *inter alia*, claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.*, and New York Labor Law ("NYLL") N.Y. Lab. Law §§ 650, *et seq.*

---

[1] Although sued as "Cumbia and Sabor," defendants refer to their business in their Memorandum of Law in Support as "Cumbia y Sabor."  Memorandum of Law in Support ("Defs.' Mem."), Docket Entry 25.  The Court adopts defendants' usage in this Report.

for nonpayment of minimum wages and overtime premiums. First Amended Complaint ("FAC") ¶¶ 46-51 and at 12-14, Docket Entry 21.

Plaintiff was employed as a server at Cumbia y Sabor from late October 2016 to March 2017. *Id.* ¶ 32. Cumbia y Sabor is a Colombian restaurant and lounge located in Queens. *Id.* ¶¶ 7, 16. The Riko defendants are Peruvian restaurants located in Queens and Manhattan. *Id.* ¶ 15.

Plaintiff filed her complaint in April 2017 in the Southern District of New York. *See* Complaint, Docket Entry 1. United States District Judge Valerie E. Caproni held an initial conference on May 26, 2017. Minute Entry dated May 26, 2017. Finding that the case could have been brought in this District and that the parties did not oppose transfer, Judge Caproni transferred the case to this District. Docket Entry 18. Plaintiff subsequently filed an amended complaint. *See* FAC. Defendants then moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). Docket Entry 20. United States District Judge Margo K. Brodie referred the motion to me to issue a Report and Recommendation in October 2017. Order dated October 7, 2017. For the reasons stated below, I respectfully recommend that defendants' motion be denied.

## DISCUSSION

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual material that, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a motion brought under Rule 12(b)(6), a court may consider "(1) facts alleged in the complaint and documents attached to it or

2

incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, . . . and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Abiuso v. Donahoe*, 2015 WL 3487130, at *3 (E.D.N.Y. June 3, 2015) (citation omitted).

Defendants' motion does not challenge the sufficiency of plaintiff's allegations that she was not paid the minimum and overtime wages due her. Rather, the sole dispute raised by the pending motion is whether the facts alleged in the FAC are adequate to establish that defendants were plaintiff's employers at the time of the wage violations she asserts. The analysis below accordingly focuses on that question.

1. The Corporate Defendants

To prevail on her claims, plaintiff must prove that defendants were her "employer" within the meaning of FLSA and NYLL. 29 U.S.C. § 207; N.Y. Lab. Law § 663. "The definitions of an employer under the two statutes are generally treated as coextensive." *Lopez v. Pio Pio NYC, Inc.*, 2014 WL 1979930, *2 (E.D.N.Y. May 15, 2014).

The Second Circuit has held that "determining employer status . . . involves a fact-specific inquiry, requiring courts to look at the totality of the circumstances 'in light of economic reality.'" *Ayala v. Your Favorite Auto Repair & Diagnostic Ctr. Inc.*, 2016 WL 5092588, at *16 (E.D.N.Y. Sept. 19, 2016) (quoting *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2006)). Some courts in this Circuit have held that the FLSA and NYLL permit multiple defendants to be held jointly and severally liable as employers pursuant to a "single[,] integrated enterprise" theory. *See, e.g.*, *Id.* at *16; *Garcia v. Chirping Chicken NYC, Inc.*, 2016 U.S. Dist.

3

LEXIS 32750, at *20 (E.D.N.Y. Mar. 11, 2016), *report and recommendation adopted by* 2016 U.S. Dist. LEXIS 46183 (E.D.N.Y. Mar. 31, 2016).  Courts determine whether multiple entities may be considered a single employer under this theory by considering four factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."  *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014); *see also Garcia*, 2016 U.S. Dist. LEXIS 32750, at *20.  While the determination of employer status depends on the totality of the circumstances, "control of labor relations is the central concern."  *Chen v. TYT E. Corp.*, 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012).  Control of labor relations is central because it reflects "the policy underlying the single employer doctrine [of] the fairness of imposing liability for labor infractions where two nominally independent entities do not act under an arm's length relationship."  *Id.* (quoting *Murray v. Miner*, 74 F.3d 402, 405 (2d Cir. 1996)).

With respect to restaurants in particular, "facts that go to the existence of a single, integrated enterprise include common décor, name, menu and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across different businesses."  *Khereed v. W. 112th St. Rest. Grp. LLC*, 2016 WL 590233, at *4 (S.D.N.Y. Feb. 11, 2016).  "In evaluating employer status on a motion to dismiss, the Court should be mindful of the fact-intensive nature of the joint-employer inquiry, and focus on whether a plaintiff has pleaded sufficient facts to allow claims to proceed against the defendants."  *Galicia v. Ice Cream House on Bedford Ave. LLC*, 2017 WL 6733985, at *4 (E.D.N.Y. Oct. 17, 2017), *report and recommendation adopted by* 2017 WL 6759299 (E.D.N.Y. Dec. 29, 2017) (internal quotation marks and citation omitted); *see also*

*Brown v. Daikin Am. Inc.,* 756 F.3d 219, 226 (2d Cir. 2014) ("Whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss.")

Plaintiff alleges that the Riko defendants and Cumbia y Sabor form a single, integrated enterprise that jointly employed plaintiff. FAC ¶ 11. In support of this allegation, plaintiff has pleaded that the corporate defendants have interrelated operations. First, plaintiff alleges that the corporate defendants share a common purpose, namely that of operating restaurants. *Id.* ¶ 12. Second, plaintiff alleges that the Riko defendants share a common website that lists each Riko location, even though each one is a separate legal entity, *id.* ¶ 15; that Riko Sunnyside advertised the impending opening of Cumbia y Sabor on its Facebook page, *id.* ¶ 16; that defendant Burgos was the primary manager at Cumbia y Sabor and gave orders to plaintiff and other employees there, and was also regularly present at Riko Sunnyside and gave instructions to employees there; *id.* ¶ 23; that Burgos collected cash receipts from Cumbia y Sabor, Riko Sunnyside, and Riko Express, *id.* ¶ 24; and that some employees of Cumbia y Sabor also worked at both Riko Chelsea and Riko Sunnyside, *id.* ¶ 13. Finally, plaintiff contends that defendant Burgos's daughter, Jessenia Burgos, is listed on the liquor licenses of all five establishments. *Id.* ¶ 14. Plaintiff argues that these facts, taken together, demonstrate defendants have interrelated operations. Plaintiff's Memorandum of Law in Opposition ("Pl.'s Mem.") at 9, Docket Entry 26.

Plaintiff also argues that she has adequately pleaded that the corporate defendants are commonly owned and managed. *Id.* at 8. Plaintiff contends that the corporate defendants were all owned by defendant Burgos, who also supervised operations directly at Cumbia y Sabor and at Riko Sunnyside, and collected cash receipts from Cumbia y Sabor, Riko Sunnyside, and Riko Express. FAC ¶¶ 11, 23-24. Plaintiff argues in addition that the fact that the liquor licenses for

5

all five corporate defendants identify Jessenia Burgos is indicative of common ownership and management. FAC ¶ 14; Pl.'s Mem. at 8. Plaintiff also alleges that defendant Burgos hired plaintiff and said that he hired Cumbia y Sabor's manager. FAC ¶ 21. Plaintiff argues that these allegations, taken together, are sufficient to support the inference that the corporate defendants are commonly owned and managed. Pl.'s Mem. at 8.

Additionally, plaintiff alleges that the corporate defendants exhibit centralized control of labor relations. *Id.* Employees from Riko Sunnyside and Riko Chelsea also occasionally worked at Cumbia y Sabor. *Id.* ¶ 13. Moreover, plaintiff alleges that the restaurant defendants shared a common payroll practice of paying employees a flat rate per shift as opposed to an hourly rate. FAC ¶¶ 11, 17. The rate per shift paid to employees at the various restaurants equated to an hourly rate below the minimum wage. *Id.* ¶ 53.

It is reasonable to infer from these facts that the "economic reality" is that the corporate defendants are a single, integrated enterprise. More specifically, plaintiff has pleaded sufficient facts to satisfy the "common ownership," "common management," and "interrelated operations" factors of the "economic reality" test. Though the allegation that defendant Burgos commonly owns all of the corporate defendants may, standing alone, be no more than a legal conclusion, the contention that the corporate defendants are commonly owned is supported by the listing of Jessenia Burgos as a principal in the liquor licenses of all five establishments. *Id.* ¶ 11, 14. Plaintiff's claim of common ownership is further supported by factual allegations that defendant Burgos directly supervised employees at both Cumbia y Sabor and Riko Sunnyside and collected cash receipts from Cumbia y Sabor, Riko Sunnyside, and Riko Express. *Id.* ¶¶ 23-24. Furthermore, while Cumbia y Sabor is not listed on the website of the Riko defendants, Riko Sunnyside's advertisement of the opening of Cumbia y Sabor on its Facebook page is indicative

6

of some degree of interrelation in their operations. *Id.* ¶ 16; *see Li v. Ichiro Sushi, Inc.*, 2016 WL 1271068, at *6 (S.D.N.Y. Mar. 29, 2016) (finding "interrelated operations", "common management," and "common oversight or financial control" where defendant managed two separate entities alongside his wife).

Plaintiff has also pleaded sufficient facts to satisfy the "centralized control of labor relations" factor. Specifically, the shared wage policy, allegedly created in part by defendant Walter Burgos, FAC ¶¶ 11, 17, 25; Burgos's involvement in hiring plaintiff and Cumbia y Sabor's manager, *id.* ¶ 21; and the sharing of employees by Riko Sunnyside, Riko Chelsea, and Cumbia y Sabor, *id.* ¶ 13, are all indicative of "centralized control of labor relations." *Cf. Juarez*, 29 F. Supp. 3d at 367 (finding the "centralized control of labor relations" factor satisfied because of suggestions of common payroll practices among different corporate entities and because plaintiff and other employees worked at multiple restaurant locations); *Pio Pio NYC, Inc.*, 2014 WL 1979930, at *4 (finding "centralized control of labor relations" where multiple restaurants were jointly managed by common owners who centrally determined the wage and hour policies for all the restaurants and had the authority to hire and fire employees).

Finally, although they also appear to be moving to dismiss plaintiff's claims against Cumbia y Sabor, defendants acknowledge that plaintiff worked for Cumbia y Sabor and do not raise any specific challenge to the sufficiency of plaintiff's allegations with respect to Cumbia y Sabor. Defs.' Mem. at 1.

Plaintiff has pleaded sufficient facts to conclude that the corporate defendants are a single, integrated employer for purposes of the FLSA and NYLL. I therefore respectfully recommend that defendants' motion to dismiss with respect to the corporate defendants be denied.

7

    2.   The Individual Defendants

Defendants also argue that individual defendants Burgos and Gil are not plaintiff's "employers" within the meaning of the FLSA and NYLL. Defs.' Mem. at 6. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition includes individuals. *See* 29 U.S.C. § 203(a). When determining if an individual qualifies as an employer, "a court should focus on 'whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case.'" *Jin Dong Wang v. LW Rest. Inc.*, 81 F. Supp. 3d 241, 253 (E.D.N.Y. 2015) (quoting *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999)). To guide this analysis, "the Second Circuit has identified four factors to consider, including, 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99,104 (2d Cir. 2013)). A district court is "free to consider any other factors it deems relevant to its assessment of the economic realities" of the parties' relationship. *Id.* (quoting *Zheng*, 355 F.3d at 71-72).

Mere recitations of the elements of liability or the factors of the "economic reality" test in a complaint are not adequate. "Courts in this circuit have held that mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss." *Bravo v. Established Burger One, LLC.*, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (internal quotation marks and citation omitted).

Finally, "[d]istrict courts in this Circuit have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *See e.g.*, *Jin Dong Wang*, 81 F. Supp. 3d at 258 (internal quotation marks and citations omitted).

8

      a.  Defendant Walter Burgos

In support of her contention that defendant Burgos is her employer, plaintiff alleges that defendant Burgos is present at Cumbia y Sabor five times per week, that he hired plaintiff and said that he hired Cumbia y Sabor's manager, that he occasionally paid plaintiff her weekly wages, and that he gave instructions to employees at Cumbia y Sabor while plaintiff worked there. FAC ¶¶ 19, 21-23. Plaintiff further contends that defendant Burgos was involved in the creation of the corporate defendants' wage policies at issue in this case. *Id.* ¶ 25. Based upon these facts, plaintiff alleges that defendant Burgos "exercises sufficient control over the Corporate Defendants' day to day operations to be considered [p]laintiff's employer." *Id.* ¶ 18.

Defendants argue that plaintiff has failed to adequately plead that defendant Burgos was her employer as she has merely pleaded conclusory and threadbare statements of liability. Defs.' Mem. at 7. They contend that plaintiff's facts do not distinguish defendant Burgos from any other employee. Defendants' Reply ("Defs.' Reply")at 8, Docket Entry 27.

Examining the totality of the circumstances, and assuming the truth of plaintiff's allegations for purposes of the pending motion, plaintiff has pleaded sufficient facts to avoid dismissal of her claim that defendant Burgos is her employer. Plaintiff has satisfied the first factor, that defendant Burgos had the "the power to hire and fire employees" by showing that he hired plaintiff and that he stated that he hired Cumbia y Sabor's manager. FAC ¶ 21. While plaintiff did not plead specific facts with regard to the other three factors mentioned above, she did plead that defendant Burgos owns and operates the restaurant, *id.* ¶ 11; that he was present at Cumbia y Sabor five times per week, *id.* ¶ 19; that he occasionally paid plaintiff her wages, *id.* ¶ 22; that he was partially responsible for the common payroll policy of the corporate defendants, *id.* ¶¶ 11, 25; and that he was the primary manager of Cumbia y Sabor, and gave instructions to

plaintiff and other employees working there, *id.* ¶ 23. *Cf. Flores v. 201 W. 103 Corp.*, 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017) (denying dismissal where plaintiffs pleaded, alongside conclusory statements tailored to the four factors listed above, that the defendant was a manager and directly supervised them); *Jianjun Chen v. 2425 Broadway Chao Rest. LLC*, 2017 WL 2600051, at *4 (S.D.N.Y. June 15, 2017) (denying dismissal where defendant managed the restaurant, made weekly visits, hired the plaintiff, hired the restaurant's manager, and was alleged to be the restaurant's owner). Plaintiff has thus pleaded sufficient facts to raise a plausible inference that defendant Burgos is her employer. Accordingly, I respectfully recommend that defendants' motion with respect to defendant Burgos be denied.

      b. Defendant Paula Andrea Gil

In support of her contention that defendant Gil is her employer, plaintiff alleges that defendant Gil is a general manager of Cumbia y Sabor and that defendant Gil supervises the employees working there by giving them orders and directions and by setting their schedules. FAC ¶¶ 27-29. Plaintiff further contends that defendant Gil hired at least one other employee and that defendant Gil had the power to fire plaintiff by not scheduling her to work. *Id.* ¶ 30. Finally, plaintiff contends that defendant Gil often paid plaintiff her wages and that Gil would require plaintiff to sign a ledger, thereby acknowledging receipt of her wages. *Id.* ¶ 31.

Defendants argue that plaintiff has failed to adequately allege that defendant Gil is plaintiff's employer because she has failed to provide sufficient factual detail to satisfy the four factors listed above; at best, they argue, plaintiff has only touched two of the factors: the power "to hire and fire employees" and the power to determine "schedule and work conditions." Defs.' Mem. at 11. Defendants further argue that requiring plaintiff to sign a pay ledger does not

indicate that defendant Gil had the power "to determine the rate and method of payment" or that she "maintained employment records." *Id.*

I conclude that plaintiff has sufficiently pleaded that defendant Gil had the power "to hire and fire employees": as the general manager, she hired an employee and, in practical terms, fired plaintiff by not putting her on the schedule. FAC ¶¶ 27, 30. Furthermore, plaintiff has sufficiently pleaded that defendant Gil supervised and exercised control over plaintiff's employment by giving plaintiff and other employees orders. *Id.* ¶ 28. Finally, I find that plaintiff has sufficiently pleaded that defendant Gil "maintained employment records" by requiring plaintiff to sign a ledger when defendant Gil paid plaintiff her wages. *Id.* ¶ 31. Together, these facts give rise to the plausible inference that defendant Gil is plaintiff's employer. Accordingly, I respectfully recommend that defendants' motion with respect to defendant Gil be denied.

3. Plaintiff's State Law Claims

Defendants move to dismiss plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), which provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Defs.' Mem. at 12. Assuming the Recommendations set forth above are adopted, this Court would have original jurisdiction over plaintiff's FLSA claims. Accordingly, I do not reach defendants' argument that plaintiff's state law claims should be dismissed under 28 U.S.C. § 1367 if her federal claims are dismissed.

## CONCLUSION

In conclusion, for the reasons outlined above, I respectfully recommend that defendants' motion to dismiss be denied in all respects. Any objections to the recommendations made in this

Report must be submitted within fourteen days after filing of the Report and, in any event, no later than March 12, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
February 26, 2018

*U:\#VAR 2017-2018\Marin V. APU Foods 17-CV-3224\Marin V. APU Foods Et Al, 17-Cv-3224_Motiontodismissfinal.Docx*