**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

June 26, 2018

**VIA ECF**

Hon. Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Marin v. APU Foods Corp.**
               **No. 17 CV 3224**

Dear Judge Gold:

      We represent the Plaintiff in the above-referenced matter. I write to respectfully request that the Court approve the parties' settlement of this Fair Labor Standards Act ("FLSA") case as fair and reasonable and so order the parties' stipulation of dismissal.[1] The parties' executed settlement agreement is submitted herewith as Exhibit 1, and the executed stipulation of dismissal is attached as Exhibit A to the settlement agreement.

      Plaintiff Maria Kamila Marin worked at Cumbia & Sabor restaurant as a server for several months from 2016 to 2017. She filed her complaint on April 24, 2017 alleging violations of the FLSA and New York Labor Law ("NYLL"). Specifically, Plaintiff alleged that Defendants (1) paid her less than the federal and New York minimum wages; (2) failed to pay her time and a half for overtime hours worked, in violation of the FLSA and New York law; (3) failed to pay her spread of hours compensation, in violation of New York law; (4) required her to share tips with a manager, in violation of the NYLL; and (5) failed to provide her with the wage notices and wage statements required under the NYLL.[2]

      Defendants made a motion to dismiss, which was denied earlier this year. On June 5, 2018, the parties attended a mediation through this Court's mediation program. At the

---

[1] On June 20, 2018, we filed the parties' signed consent to refer this matter to Your Honor for all purposes.

[2] If the parties had not reached a settlement at the June 5, 2018 mediation, Plaintiff would have moved to amend the complaint to add a retaliation claim.

1

mediation, the parties agreed to settle this action for $27,500. The parties have executed a settlement agreement, and we now respectfully request that the Court approve the settlement as fair and reasonable and dismiss this action in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. (citing *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The parties have agreed to settle this case for $27,500. Out of this amount, Plaintiff will receive $17,658.25, and Plaintiff's counsel will receive $9,841.75 as attorneys' fees and costs. Plaintiff's maximum FLSA damages – including both compensatory damages and liquidated damages – are $6,575. Thus, even after deducting attorneys' fees and costs, Plaintiff will receive full recovery for her FLSA claims. For this reason alone, the settlement is fair and reasonable and should be approved. Even when Plaintiff's NYLL claims are taken into account, the settlement sum of $27,500 is reasonable, as Plaintiff's maximum damages for all claims in the First Amended Complaint total $27,226.[3]

Of course, Plaintiff would face risks if this case did not settle. The parties dispute the number of hours and shifts that Plaintiff worked and her dates of employment, and there are no time records. If Defendants proved that Plaintiff worked fewer hours over a shorter period of time, her maximum damages would be reduced. Defendants also contend that no one with whom Plaintiff shared tips was a manager. Accordingly, Plaintiff also faces a risk of loss with respect to her tip misappropriation claim. This settlement, which is the result of arm's-length negotiations with the assistance of a mediator, eliminates these litigation risks and provides for a substantial payment to Plaintiff at an early stage of the litigation.

The non-monetary terms of the settlement are also fair and reasonable. In accordance with case law in this Circuit, the settlement contains a limited release and does not contain a confidentiality provision. *See Gomez v. Land Appliance Servs.*, No. 16 CV 6907, 2018 U.S. Dist. LEXIS 30762 (E.D.N.Y. Feb. 23, 2018) (Gold, M.J.).

Finally, the attorneys' fees and costs are reasonable and should be approved. The settlement provides that Plaintiff's counsel will receive a total of $9,841.75 as attorneys' fees and costs. This includes $1,012.62 for reimbursement of costs ($400 filing fee, $305.97 for service of the complaint, $6.65 for a mailing, and $300 for mediation) and one-third of the after-costs settlement amount ($8,829.13) as a fee. Under Plaintiff's contingency fee engagement agreement, Plaintiff's counsel is entitled to seek from one-third of the before costs settlement

---

[3] This figure includes $10,000 in penalties for wage notice and wage statement violations under N.Y. Lab. L. §§ 195, 198.

amount plus reimbursement of costs. Thus, Plaintiff's counsel is seeking slightly less than what it could recover under the engagement agreement. This fee should be approved, as "[a]n award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.*, No. 11 Civ. 1531, 2014 U.S. Dist. LEXIS 11026, at *25 (S.D.N.Y. Jan. 28, 2014); *see also Gomez*, 2018 U.S. Dist. LEXIS 30762 (approving one-third fee). The proposed fee award of one-third should also be approved because it was consensual and agreed to by the Plaintiff. *See Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement). In addition, the requested fee of $8,829.13 is far less than Plaintiff's counsel's lodestar of $25,265.[4] Accordingly, the requested fee is fair and reasonable.

For the foregoing reasons, we respectfully request that the Court approve the parties' settlement and dismiss this action. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)

---

[4] Plaintiff's counsel's contemporaneous time records are submitted herewith as Exhibit 2. There are four billers identified in Plaintiffs' time records: myself ("DAS" in time records), D. Maimon Kirschenbaum ("DMK"), Debora Duran ("DD"), and Carmenliggia Espinal ("CLE"). My billable rate as a partner has been approved at $400 per hour, Mr. Kirschenbaum's billable rate has been approved at $450 per hour, and our firm's paralegals' billable rate has been approved at $125 per hour. *See e.g., Murphy v. Lajaunie*, No. 13 CV 6503 (S.D.N.Y. Feb. 2, 2018) (report & recommendation); *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 U.S. Dist. LEXIS 85873, at *20 (S.D.N.Y. July 1, 2015).

   D. Maimon Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked as Joseph & Kirschenbaum LLP ("JK") since then. As a result of his accomplishments representing food service workers in New York City, he became a member/partner of the firm in May 2007. Mr. Kirschenbaum currently manages the firm, while also maintaining a docket comprised largely of individual and class/collective wage and hours lawsuit.

   I received my J.D. from New York University School of Law in 2008 and joined JK in 2009. I was an associate at the firm until February 8, 2017, when I became a partner. The majority of my docket involves individual and class/collective wage and hour actions.

   Debora Duran was a paralegal at JK from July 2014 to August 2017. She received a B.S. in Criminal Justice from Rutgers University, Newark in October 2011. In January 2014, Ms. Duran completed a 10-month Paralegal Studies program at Fairleigh Dickinson University. Prior to joining JK as a paralegal in July 2014, Ms. Torres worked as a junior paralegal in the Employment Department of Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd LLP. Carmenliggia Espinal has worked for JK as a paralegal since September 2017. She received a B.A. in International Criminal Justice from John Jay College of Criminal Justice in 2011, an M.A. in public administration from John Jay College of Criminal Justice in 2013,and an M.A. in paralegal studies from George Washington University in 2017. Before joining JK, Ms. Espinal worked as a legal assistant at Gordon & Silber, P.C., Koster, Brady and Nagler, LLP, and Outten & Golden, LLP.