# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARIA KAMILA MARIN, on behalf of            CASE NO. 17 CV 3224
herself and others similarly situated,

            Plaintiff,

     v.

APU FOODS CORP. d/b/a RIKO
PERUVIAN CUISINE, 44 SUNNYSIDE
CORP. d/b/a RIKO PERUVIAN CUISINE
EXPRESS, JAMAICA 153 CORP. d/b/a
RIKO PERUVIAN CUISINE, 8 CHELSEA
CORP. d/b/a RIKO PERUVIAN CUISINE,
BARU CORP. d/b/a CUMBIA AND SABOR,
PAULA ANDREA GIL, and WALTER
BURGOS,

            Defendants.
-----------------------------------------------------------x

### SETTLEMENT AGREEMENT AND RELEASE

     **WHEREAS,** Maria Kamila Marin ("Plaintiff") commenced an action against APU Foods Corp., 44 Sunnyside Corp., Jamaica 153 Corp., 8 Chelsea Corp., Baru Corp, Paula Andrea Gil, and Walter Burgos (collectively, "Defendants") on or about April 24, 2017, in the United States District Court for the Southern District of New York, which action was subsequently transferred to the United States District Court for the Eastern District of New York (hereinafter, the "Court"), presently bearing Case Number 17 CV 3224 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

     **WHEREAS,** Defendants filed their answer to the complaint on or about April 25, 2018, denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

     **WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to Plaintiff and Defendants which constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the parties to the Action;

     **WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to settle the Action on the terms and conditions set forth in this Settlement Agreement and Release ("Agreement");

1

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

**1.      Settlement Approval and Dismissal of the Action**

For and in consideration of the promises outlined in Paragraph 2 and elsewhere in this Agreement, Plaintiff agrees to dismiss, or cause to be dismissed, the Lawsuit with prejudice by submitting this Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A to the Court for approval.

**2.      Payment**

Defendants shall pay a total sum of TWENTY SEVEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($27,500) (the "Settlement Sum") in five monthly installments of $5,500 each. The first installment shall be due fourteen (14) days after dismissal of the Action. All subsequent installments shall be due on the same day of the month as the first installment, unless such day falls on a weekend or federal holiday, in which case the installment shall be due the following business day. If any installment is due on the 29th, 30th, or 31st day of month, any payment due in February shall be due on February 28.

All payments of the Settlement Sum shall be by check payable to "Joseph & Kirschenbaum LLP, as attorneys" and delivered to Joseph & Kirschenbaum LLP ("JK") at 32 Broadway, Suite 601, New York, NY 10004, Attn: Denise Schulman. $17,658.25 of the Settlement Sum shall be allocated to Plaintiff, and $9,841.75 of the Settlement Sum shall be allocated to JK as attorneys' fees and costs. JK shall be responsible for distributing Plaintiff's share of the Settlement Sum to Plaintiff. Each installment payment shall be distributed between Plaintiff and JK on a proportional basis according to their respective shares of the total Settlement Sum.

**3.      Confession of Judgment**

Simultaneously with the execution of this agreement, Defendants shall each deliver to Plaintiff's counsel an original copy of an executed affidavit for confession of judgment in the form attached hereto as Exhibit B. The affidavits for confession of judgment must bear an original signature, as opposed to a copied or electronic signature. In the event Defendants are in default in the payment of any of the installments under Paragraph 2 of this Agreement, Plaintiff shall notify Defendants c/o Argilio Rodriguez, Esq. and Jessenia Burgos via electronic mail to argilio@lawrodriguez.com and jesseniaburgos@hotmail.com of Defendants' default. If Defendants do not cure their default within seven (7) days of Plaintiff's notice, Defendants shall owe Plaintiff TWENTY SEVEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($27,500), less any settlement payment(s) made to date, and such amount shall be immediately due in its entirety, and Plaintiff may file the affidavits for confession of judgment. Plaintiff shall be entitled to her reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement for the failure to pay monies owed under the Agreement, Plaintiff shall

2

be entitled to receive from the Defendants reasonable attorneys' fees and costs up through and including the appellate process.

**4.    Plaintiff's Release**

In consideration of the payment of the Settlement Sum to Plaintiff by Defendants totaling $27,500.00, inclusive of Plaintiff's attorneys' fees and costs, and other valuable consideration set forth elsewhere in this Agreement, Plaintiff, individually and on behalf of anyone who has or obtains any legal rights or claims through her, once this Agreement becomes effective by its terms, hereby waives, releases and forever discharges Defendants and their officers, directors, shareholders, owners, managers, investors, employees, attorneys, representatives and agents, ("Releasees"), from any and all wage and hour and/or wage notice claims that were and/or could have been brought by Plaintiff in this Action ("Released Claims"), including but not limited to FLSA and New York State minimum wage violations, FLSA and New York State overtime violations, New York State spread of hours violations, New York State tip misappropriation claims, and New York State notice requirements.

**5.    Sufficient Consideration**

Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

**6.    Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

**7.    Attorneys' Fees**

In the event of any litigation to enforce or regarding a breach of the terms of this Agreement in which a Party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

**8.    Acknowledgment**

Plaintiff acknowledges that she was represented by counsel of her choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that she had sufficient opportunity to consider this Agreement; that she read this Agreement and/or had this Agreement explained to her fully and carefully and understands its terms; and that she is signing it knowingly and voluntarily.

9.    **Oral Modifications Prohibited**

The Parties affirm that no promise, inducement or agreement not expressed in this Agreement has been made. This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action and shall bind and inure to their benefit and to that of, to the extent applicable, the Releasees. All prior agreements and/or understandings between the Parties, whether oral or written, are hereby terminated. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

10.    **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11.    **Venue**

The parties hereto acknowledge that this Agreement is enforceable in the federal and state courts of New York. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Eastern District of New York or such New York State Court as lies within the geographic area encompassed by the United States District Court for the Eastern District of New York.

12.    **Stipulation of Dismissal and Settlement Approval**

Upon execution of this Agreement by all Parties, Plaintiff shall submit the Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit A to the Court for approval.

13.    **Counterparts**

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

14.    **Facsimile and Email Signatures**

Any Party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email. This paragraph does not apply to the signatures on the affidavits of confession of judgment, which must contain original signatures, and not facsimile or email signatures.

4

15.    **Severability**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

16.    **Drafting**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

_MARIA KAMILA MARIN_    Date: _22/18_____, 2018
Maria Kamila Marin


_Jessenia Burgos_    Date: _6/18_____, 2018
APU Foods Corp.
By: Jessenia Burgos
Its: President


_Jessenia Burgos_    Date: _6/18_____, 2018
44 Sunnyside Corp.
By: Jessenia Burgos
Its: President


_Jessenia Burgos_    Date: _6/18_____, 2018
Jamaica 153 Corp.
By: Jessenia Burgos
Its: President


_Jessenia Burgos_    Date: _6/18_____, 2018
8 Chelsea Corp.
By: Jessenia Burgos
Its: President

5

_Jessenia Burgos_    Date: ___6/18___, 2018
Baru Corp.
By: Jessenia Burgos
Its: President

_Walter Burgos_    Date: _____, 2018
Walter Burgos

_Paula_    Date: _06/18/18_, 2018
Paula Andrea Gil

6

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARIA KAMILA MARIN, on behalf of                    CASE NO. 17 CV 3224
herself and others similarly situated,

                    Plaintiff,

        v.

APU FOODS CORP. d/b/a RIKO
PERUVIAN CUISINE, 44 SUNNYSIDE
CORP. d/b/a RIKO PERUVIAN CUISINE
EXPRESS, JAMAICA 153 CORP. d/b/a
RIKO PERUVIAN CUISINE, 8 CHELSEA
CORP. d/b/a RIKO PERUVIAN CUISINE,
BARU CORP. d/b/a CUMBIA AND SABOR,
PAULA ANDREA GIL, and WALTER
BURGOS,

                    Defendants.
-------------------------------------------------------x

### STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby

dismissed with prejudice, without costs to any party against any other.  This Stipulation may be

filed with the Court without further notice to any party.  This Court shall retain jurisdiction to

enforce the parties' Settlement Agreement.

Dated: New York, New York
        June 26                    , 2018

For the Plaintiff:                          For the Defendants:
JOSEPH & KIRSCHENBAUM LLP                   RODRIGUEZ LAW, P.C.

_____                     _____
D. Maimon Kirschenbaum                      Argilo Rodriguez
Denise A. Schulman                          350 Fifth Avenue
32 Broadway, Suite 601                      Suite 5909
New York, NY 10004                          New York, NY 10118


So Ordered: _____
            Hon. Steven M. Gold (U.S.M.J.)

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
MARIA KAMILA MARIN, on behalf of       CASE NO. 17 CV 3224
herself and others similarly situated,

           Plaintiff,

    v.

APU FOODS CORP. d/b/a RIKO
PERUVIAN CUISINE, 44 SUNNYSIDE
CORP. d/b/a RIKO PERUVIAN CUISINE
EXPRESS, JAMAICA 153 CORP. d/b/a
RIKO PERUVIAN CUISINE, 8 CHELSEA
CORP. d/b/a RIKO PERUVIAN CUISINE,
BARU CORP. d/b/a CUMBIA AND SABOR,
PAULA ANDREA GIL, and WALTER
BURGOS,

           Defendants.
-----------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF _Queens_    )

_Jessenia Burgos_____, being duly sworn, deposes and says:

1.    I am the _President_____ of APU Foods Corp., a Defendant in the above-captioned action.

2.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against APU Foods Corp.

3.    APU Foods Corp.'s address is _45-23 Greenpoint Avenue, Sunnyside, NY 11104._

4.    This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due are set forth below.

5.      Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2) misappropriated a portion of Plaintiff's tips; and (3) failed to provide Plaintiff with the notices required by New York law.

6.      In or around June 2018, the parties executed a Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Seven Thousand Five Hundred Dollars ($27,500.00) in five (5) monthly payments beginning fourteen (14) days following dismissal of the Lawsuit.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have seven (7) days to remedy their default.  If Defendants do not remedy their default within seven (7) days of such notice, Defendants shall owe Plaintiff $27,500, less any settlement payments already made, and such amount shall be immediately due and payable.

8.      If Defendants do not remedy their default within seven (7) days of such notice, I hereby authorize the entry of judgment in the amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against APU Foods Corp.

Dated: Queens , New York
       June 18            , 2018

Sworn to before me this

18 day of    June        , 2018

_____
Notary Public

By:  Jessenia Burgos .
     APU Foods Corp.
     Name: Jessenia Burgos
     Title: President


                    **ARGILIO RODRIGUEZ**
              **NOTARY PUBLIC-STATE OF NEW YORK**
                    **No. 02RO6236631**
                  **Qualified in Bronx County**
            **My Commission Expires February 28, 2019**

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARIA KAMILA MARIN, on behalf of          CASE NO. 17 CV 3224
herself and others similarly situated,

        Plaintiff,

    v.

APU FOODS CORP. d/b/a RIKO
PERUVIAN CUISINE, 44 SUNNYSIDE
CORP. d/b/a RIKO PERUVIAN CUISINE
EXPRESS, JAMAICA 153 CORP. d/b/a
RIKO PERUVIAN CUISINE, 8 CHELSEA
CORP. d/b/a RIKO PERUVIAN CUISINE,
BARU CORP. d/b/a CUMBIA AND SABOR,
PAULA ANDREA GIL, and WALTER
BURGOS,

        Defendants.
-------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF Queens    )

_Jessenia Burgos_, being duly sworn, deposes and says:

1.     I am the _President_ of 44 Sunnyside Corp., a Defendant in the above-captioned action.

2.     I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against 44 Sunnyside Corp.

3.     44 Sunnyside Corp.'s address is _43-22 Queens Boulevard, Sunnyside, NY 11104._

4.     This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due are set forth below.

15

5.      Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2) misappropriated a portion of Plaintiff's tips; and (3) failed to provide Plaintiff with the notices required by New York law.

6.      In or around June 2018, the parties executed a Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Seven Thousand Five Hundred Dollars ($27,500.00) in five (5) monthly payments beginning fourteen (14) days following dismissal of the Lawsuit.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have seven (7) days to remedy their default.  If Defendants do not remedy their default within seven (7) days of such notice, Defendants shall owe Plaintiff $27,500, less any settlement payments already made, and such amount shall be immediately due and payable.

8.      If Defendants do not remedy their default within seven (7) days of such notice, I hereby authorize the entry of judgment in the amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against 44 Sunnyside Corp.

Dated: <u>Queens</u>, New York
      <u>June 18</u>        , 2018


Sworn to before me this

<u>18</u> day of <u>June</u>     , 2018

_Argt Rodgny_
Notary Public

By: _Jessenia Burgos_
44 Sunnyside Corp.
Name: Jessenia Burgos
Title: President


**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MARIA KAMILA MARIN, on behalf of          CASE NO. 17 CV 3224
herself and others similarly situated,

                    Plaintiff,

        v.

APU FOODS CORP. d/b/a RIKO
PERUVIAN CUISINE, 44 SUNNYSIDE
CORP. d/b/a RIKO PERUVIAN CUISINE
EXPRESS, JAMAICA 153 CORP. d/b/a
RIKO PERUVIAN CUISINE, 8 CHELSEA
CORP. d/b/a RIKO PERUVIAN CUISINE,
BARU CORP. d/b/a CUMBIA AND SABOR,
PAULA ANDREA GIL, and WALTER
BURGOS,

                    Defendants.
------------------------------------------------x

### AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _Queens_     )

_Jessenia Burgos_____, being duly sworn, deposes and says:

1.    I am the _President_____ of Jamaica 153 Corp., a Defendant in the
above-captioned action.

2.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and
Rules, in support of Plaintiff's application for the entry of a judgment by confession against
Jamaica 153 Corp.

3.    Jamaica 153 Corp.'s address is _153-37 Hillside Avenue, Jamaica, NY 11432_

4.    This is a judgment to be confessed for money due.  The facts out of which the
debt arose and the sum confession due are set forth below.

18

5.      Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2) misappropriated a portion of Plaintiff's tips; and (3) failed to provide Plaintiff with the notices required by New York law.

6.      In or around June 2018, the parties executed a Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Seven Thousand Five Hundred Dollars ($27,500.00) in five (5) monthly payments beginning fourteen (14) days following dismissal of the Lawsuit.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have seven (7) days to remedy their default. If Defendants do not remedy their default within seven (7) days of such notice, Defendants shall owe Plaintiff $27,500, less any settlement payments already made, and such amount shall be immediately due and payable.

8.      If Defendants do not remedy their default within seven (7) days of such notice, I hereby authorize the entry of judgment in the amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against Jamaica 153 Corp.

Dated: Queens , New York
       June 18        , 2018

By: _Jessenia Burgos_
Jamaica 153 Corp.
Name: Jessenia Burgos
Title: President

Sworn to before me this

18 day of   June      , 2018

_Argt. Rdguy_
Notary Public

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02RO6236631**
**Qualified in Bronx County**
**My Commission Expires February 28, 2019**





**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

**MARIA KAMILA MARIN, on behalf of**          **CASE NO. 17 CV 3224**
**herself and others similarly situated,**

          **Plaintiff,**

      **v.**

**APU FOODS CORP. d/b/a RIKO**
**PERUVIAN CUISINE, 44 SUNNYSIDE**
**CORP. d/b/a RIKO PERUVIAN CUISINE**
**EXPRESS, JAMAICA 153 CORP. d/b/a**
**RIKO PERUVIAN CUISINE, 8 CHELSEA**
**CORP. d/b/a RIKO PERUVIAN CUISINE,**
**BARU CORP. d/b/a CUMBIA AND SABOR,**
**PAULA ANDREA GIL, and WALTER**
**BURGOS,**

          **Defendants.**
----------------------------------------------------------------x

### AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                    ) ss.:
COUNTY OF  Queens   )

      Jessenia Burgos  , being duly sworn, deposes and says:

1.    I am the  President       of 8 Chelsea Corp., a Defendant in the above-captioned action.

2.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against 8 Chelsea Corp.

3.    8 Chelsea Corp.'s address is  404 8th Avenue, New York, NY 10001

4.    This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due are set forth below.

21

5.      Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2) misappropriated a portion of Plaintiff's tips; and (3) failed to provide Plaintiff with the notices required by New York law.

6.      In or around June 2018, the parties executed a Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Seven Thousand Five Hundred Dollars ($27,500.00) in five (5) monthly payments beginning fourteen (14) days following dismissal of the Lawsuit.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have seven (7) days to remedy their default.  If Defendants do not remedy their default within seven (7) days of such notice, Defendants shall owe Plaintiff $27,500, less any settlement payments already made, and such amount shall be immediately due and payable.

8.      If Defendants do not remedy their default within seven (7) days of such notice, I hereby authorize the entry of judgment in the amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against 8 Chelsea Corp.

22

Dated: Queens, New York
June 18, 2018

Sworn to before me this

18 day of June, 2018

Notary Public

By: Jessenia Burgos.
8 Chelsea Corp.
Name: Jessenia Burgos
Title: President

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02RO6236631**
**Qualified in Bronx County**
**My Commission Expires February 28, 2019**

23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARIA KAMILA MARIN, on behalf of            CASE NO. 17 CV 3224
herself and others similarly situated,

               Plaintiff,

      v.

APU FOODS CORP. d/b/a RIKO
PERUVIAN CUISINE, 44 SUNNYSIDE
CORP. d/b/a RIKO PERUVIAN CUISINE
EXPRESS, JAMAICA 153 CORP. d/b/a
RIKO PERUVIAN CUISINE, 8 CHELSEA
CORP. d/b/a RIKO PERUVIAN CUISINE,
BARU CORP. d/b/a CUMBIA AND SABOR,
PAULA ANDREA GIL, and WALTER
BURGOS,

               Defendants.
--------------------------------------------------------x

**AFFIDAVIT FOR CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF _Queens_   )

_Jessenia Burgos_     , being duly sworn, deposes and says:

    1.    I am the _President_ of Baru Corp., a Defendant in the above-captioned action.

    2.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against Baru Corp.

    3.    Baru Corp.'s address is _45-06 Greenpoint Avenue, Sunnyside, NY 11104._

    4.    This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due are set forth below.

24

5.      Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2) misappropriated a portion of Plaintiff's tips; and (3) failed to provide Plaintiff with the notices required by New York law.

6.      In or around June 2018, the parties executed a Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Seven Thousand Five Hundred Dollars ($27,500.00) in five (5) monthly payments beginning fourteen (14) days following dismissal of the Lawsuit.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have seven (7) days to remedy their default. If Defendants do not remedy their default within seven (7) days of such notice, Defendants shall owe Plaintiff $27,500, less any settlement payments already made, and such amount shall be immediately due and payable.

8.      If Defendants do not remedy their default within seven (7) days of such notice, I hereby authorize the entry of judgment in the amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against Baru Corp.

Dated: Queens , New York

June 18 , 2018

Sworn to before me this

18 day of June , 2018

_Argit Rodrigez_
Notary Public

By: _Jessenia Burgos_
Baru Corp.
Name: Jessenia
Title: Burgos
President

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02RO6236631**
**Qualified in Bronx County**
**My Commission Expires February 28, 2019**

26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARIA KAMILA MARIN, on behalf of          CASE NO. 17 CV 3224
herself and others similarly situated,

         Plaintiff,

    v.

APU FOODS CORP. d/b/a RIKO PERUVIAN
CUISINE, 44 SUNNYSIDE CORP. d/b/a
RIKO PERUVIAN CUISINE EXPRESS,
JAMAICA 153 CORP. d/b/a RIKO
PERUVIAN CUISINE, 8 CHELSEA CORP.
d/b/a RIKO PERUVIAN CUISINE, BARU
CORP. d/b/a CUMBIA AND SABOR, PAULA
ANDREA GIL, and WALTER BURGOS,

         Defendants.

-----------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                 ) ss.:
COUNTY OF Queens   )

PAULA ANDREA GIL, being duly sworn, deposes and says:

    1.     I am a Defendant in the above-captioned action.

    2.     My address is 86-25 89 Street, Woodhaven, NY 11421 .

    3.     I make this affidavit pursuant to 3218 of the New York Civil Practice Law and

Rules, in support of Plaintiff's application for the entry of a judgment by confession against me.

    4.     This is a judgment to be confessed for money due.  The facts out of which the

debt arose and the sum confession due are set forth below.

    5.     Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay

Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2)

27

misappropriated a portion of Plaintiff's tips; and (3) failed to provide Plaintiff with the notices required by New York law.

6.      In or around June 2018, the parties executed a Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Seven Thousand Five Hundred Dollars ($27,500.00) in five (5) monthly payments beginning fourteen (14) days following dismissal of the Lawsuit.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have seven (7) days to remedy their default.  If Defendants do not remedy their default within seven (7) days of such notice, Defendants shall owe Plaintiff $27,500, less any settlement payments already made, and such amount shall be immediately due and payable.

8.      If Defendants do not remedy their default within seven (7) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me.

Dated: Queens , New York
June 18 , 2018

By: _____
Paula Andrea Gil

Sworn to before me this

18 day of June , 2018

_____
Notary Public

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019

29

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARIA KAMILA MARIN, on behalf of                CASE NO. 17 CV 3224
herself and others similarly situated,

                        Plaintiff,

          v.

APU FOODS CORP. d/b/a RIKO PERUVIAN
CUISINE, 44 SUNNYSIDE CORP. d/b/a
RIKO PERUVIAN CUISINE EXPRESS,
JAMAICA 153 CORP. d/b/a RIKO
PERUVIAN CUISINE, 8 CHELSEA CORP.
d/b/a RIKO PERUVIAN CUISINE, BARU
CORP. d/b/a CUMBIA AND SABOR, PAULA
ANDREA GIL, and WALTER BURGOS,

                        Defendants.
-----------------------------------------------------------x

### AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF Queens       )

WALTER BURGOS, being duly sworn, deposes and says:

1.    I am a Defendant in the above-captioned action.

2.    My address is 35-63 79ᵗʰ Street, Apt. 4C, Jackson Heights, NY 11372.

3.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and

Rules, in support of Plaintiff's application for the entry of a judgment by confession against me.

4.    This is a judgment to be confessed for money due.  The facts out of which the

debt arose and the sum confession due are set forth below.

5.    Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay

Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2)

31

misappropriated a portion of Plaintiff's tips; and (3) failed to provide Plaintiff with the notices required by New York law.

6.      In or around June 2018, the parties executed a Settlement Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Seven Thousand Five Hundred Dollars ($27,500.00) in five (5) monthly payments beginning fourteen (14) days following dismissal of the Lawsuit.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall have seven (7) days to remedy their default.  If Defendants do not remedy their default within seven (7) days of such notice, Defendants shall owe Plaintiff $27,500, less any settlement payments already made, and such amount shall be immediately due and payable.

8.      If Defendants do not remedy their default within seven (7) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me.

Dated: Queens , New York
       June 18          , 2018

By: _Walter Burgos_
    Walter Burgos

Sworn to before me this

18 day of June          , 2018

_Argt Rhpe_
Notary Public

ARGILIO RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019

33